# Roach v. Cox.

### Assumpsit.

(Decided May 20, 1909. 49 South. 578.)

*Payment; Presumption; Lapse of Time.*—When twenty years has elapsed without a recognition by the debtor of his liability on the debt, the presumption of payment is conclusive, and is not interrupted by the debtor's absence from the state, and the ignorance of the creditor of his whereabouts, or of any property of the debtor subject to the claim.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Action by L. R. Roach against G. R. Cox, for money paid as surety in 1873. Judgment for defendant and plaintiff appeals. Affirmed.

[Roach v. Cox.]

BILBRO & MOODY, for appellant.—The presumption resting upon failure to act is overcome by conditions showing that no action could be taken.—22 A. & E. Ency of Law, 604; Id. 1187. It may be repelled by evidence of a circumstance showing non payment.—22 A. & E. Ency of Law, 597, et seq.; *Allen v. Eberly*, 24 Ohio 97. The cases in Alabama on this subject show that the party against whose action the prescriptive period is pleaded had opportunity to enforce his right during that period and that there was nothing to prevent it.

JOHN B. TALLEY, for appellee.—In a long line of cases, it is held that a lapse of twenty years without a recognition of right or admission of liability operates an absolute rule of repose.—*Semple v. Glenn*, 91 Ala. 245; *McArthur v. Carrie*, 32 Ala. 880; *Harrison v. Heflin*, 54 Ala. 553; *Greenle v. Greenle*, 62 Ala, 330; *Goodwyn v. Baldwin*, 59 Ala. 227; *McCarthy v. McCarthy*, 74 Ala. 546; *Garrett v. Garrett*, 70 Ala. 429; *Woodstock I. Co. v. Roberts*, 86 Ala. 436; *Black v. Pratt C. & C. Co.*, 85 Ala. 511; *Matthews v. McDade*, 72 Ala. 377; *Boker v. Pruitt*, 64 Ala. 551; *Jefferson v. Pettus, et al.*, 132 Ala. 671.

McCLELLAN, J.—Roach sued Cox to recover a sum of money paid April 1, 1873, by Roach as surety for Cox on a note payable to one Cross. It is averred in the complaint that on January 1, 1880, Cox paid Roach $25 in reimbursement, in part, of the sum so previously paid by Roach. The defendant pleaded the period of upwards of 20 years, elapsing since the described payment, as a bar to the recovery in the premises. Plaintiff replied, by replication 1, that the debt sued on was contracted in Alabama, and that the defendant had been absent from Alabama during the period within which

suit might have been brought against him, and plaintiff was at the time the debt was contracted and has ever since been a bona fide resident of Alabama; by replication 2, that plaintiff did not know in what state defendant was living, that he was absent from Alabama as averred in replication 1, and during this period plaintiff knew of no property of the defendant subject to seizure in satisfaction of his demand; and by replication 3, that plaintiff's debt was contracted in this state and that plaintiff has been and is now a bona fide resident thereof. An averment common to all of the replications is that the debt sued for has not been paid. The demurrers to those replications take the points (1) that the matters set up therein did not avoid the effect of the presumption pleaded, and (2) that the presumption is conclusive after the lapse of such period, if there was inaction on the part of the creditor and no recognition of the obligation by the debtor within the period.

Notwithstanding the rulings in *McArthur v. Carrie,* 32 Ala. 75, 95, 70 Am. Dec. 529, and *Harrison v. Heflin,* 54 Ala. 552, to the effect that such presumption is not conclusive, nor, on the other hand, a mere circumstance for the jury's consideration to determine whether they will apply the presumption in a given case, but that it is prima facie evidence of payment, extinguishment, affecting to cast the burden on the debtor, this court seems to have progressed, in several decisions, to the conclusion that, under the conditions defined, the presumption is conclusive, is a positive bar.—*Semple v. Glenn,* 91 Ala. 245, 261, 6 South. 469 South. 265, 24 Am. St. Rep. 894. In this decision language at war with the ruling made in the case in 32 and 54 Ala. repeatedly occurs. The natural effect of these expressions cannot be minimized or qualified by reference to the point inviting the

discussion; for they were written in comprehensive review of the principle involved. It is true the opinion takes, as we understand it, an erroneous view of the breadth of the holding in *McArthur v. Carrie;* but this fact rather emphasizes the bent of the court in the views announced. In *Black v. Pratt Co.,* 85 Ala. 504, 511, 5 South. 89, 94, written by Stone, C. J., from whose pen we have the *McArthur Case,* it is said: "There is, however, a presumption that any and all claims or rights of property, which have been permitted to slumber without assertion or recognition for 20 years, have no legal existence, or have been adjusted; and from the 20 years necessary to raise this presumption the 4 years, 8 months and 10 days allowed on account of the war is not deducted. There is no suspension in the current time required to perfect this presumption." In *Jefferson v. Pettus,* 132 Ala. 671, 674, 32 South. 663; *Black v. Pratt Co.,* is approvingly quoted in this regard. In *Semple v. Glenn, supra,* it is said: "This court has adhered with uniform tenacity to the doctrine of prescription, and has repeatedly held that the lapse of 20 years, without recognition of right or admission of liability, operates an absolute rule of repose." In *Woodstock Co. v. Roberts,* 87 Ala. 436, 439, 6 South. 349, 350, speaking to the statutory prohibition against extension of the period of limitation, it is declared: "This is a statutory affirmation of the doctrine of prescription, which is so extensive in its scope and operation that proof of no disability whatever asserts or rebuts the presumption." To like effect is *Matthews v. McDade,* 72 Ala. 377, and numerous other of our decisions cited in brief of counsel for appellee.

The reason of the doctrine and the fact that this court has established the public policy of this state in respect of the existence and the effect of the presumption leave

us no alternative, even if we were disposed to embrace it, than to affirm that the presumption of payment or. extinguishment is conclusive where 20 years have elapsed and the creditor has been during the period inactive, or there has been no recognition of the liability by the debtor. It is settled with us that the period necessary to raise the presumption was not interrupted by the state of war prevailing for four years in this state; and it is also settled that infancy, though covering the whole period, will not avail to prevent the running of the requisite time and the consequent raising of the presumption as a bar to the recovery of land. In view of these consequences, both operating a disability to sue, we cannot see how ignorance of a debtor's place of living, or. that he has no property, can avail to prevent the running of the period to the exemption of the inert creditor from the consequence of the perfected presumption. The ability to sue has been given effect to suspend, in defined instances, the running of the statutes of limitation; but the presumption under consideration is an wholly different matter. To hold otherwise, the reason therefor must be referred to the suspension of the running of the requisite time to raise the presumption of the nonresidence of the debtor of the state of the suing creditor and of the creditor's ignorance of the place of residence of his debtor, or of any estate the debtor has subject to the claim of the creditor. That would be wholly inconsistent with the motive for the presumption, viz., a measure of repose. If that were ruled, infancy, or other disability, would necessarily suspend the running of the requisite time. This court has, as indicated before, often written against such view. The Supreme Court of Pennsylvania, in *Kline v. Kline,* 20 Pa. 503, a decision cited in *Harrison v. Heflin, supra,* held non-residence of, and residence in, one of the states of the Union not efficient

to interrupt the running of the prescriptive period. The ruling made now by us goes beyond that decision; but it is serviceable in the reasoning that supports the conclusion entertained on this appeal, viz., the disability to sue will not intercept the running of the period to prescription.

The recent decision, delivered here, of *Lecroix v. Malone, et al., Trustees,* 158 Ala. 4341, 47 South. 725, is not impinged, in principle, by this ruling now made. There the statute intervened to put the fee in abeyance pending the time new trustees, to succeed those deceased, were constituted. In such event there was no repository of the right to sue to protect the possession, or against whom an adverse possession could operate. Here the right was not in abeyance.

The court below properly sustained the demurrers to each of the replications, and the judgment is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.