# Snodgrass *v.* Snodgrass.

*Bill by Administrator Against a Trustee for an Accounting.*

(Decided April 2, 1912.    58 South. 201.)

1. *Trusts; Accounting; Laches.*—After twenty years trusteeship the presumption of a settlement is conclusive, and a bill by an administrator to require an accounting of a trusteeship commenced more than twenty years before the filing of the bill is barred by laches, in the absence of allegation of the recognition of the trusteeship during the period.

2. *Equity; Pleading; Laches; Demurrer.*—Where the bill on its face shows facts amounting to laches, such defense may be presented by demurrers to the bill.

APPEAL from Jackson Chancery Court.
Heard before Hon. W. H. SIMPSON.

[Snodgrass v. Snodgrass.]

Bill by John H. Snodgrass as administrator of the estate of Ann C. Snodgrass, against Eliza A. Snodgrass as administratrix of the estate of Nathaniel Snodgrass, for an accounting of a trusteeship or agency. From a decree overruling demurrers to the bill, respondent appeals. Reversed, rendered and remanded.

JOHN B. TALLEY and VIRGIL BOULDIN, for appellant. The demand was stale.—*Greenleas v. Greenleas,* 62 Ala. 330; *Nettles v. Nettles,* 67 Ala. 598; *Johnson v. Johnson,* 5 Ala. 90; *Smith v. Clay,* 3 Brown Chan. 639; *Harrison v. Heflin,* 54 Ala. 552. The presumption of settlement is conclusive after twenty years in the absence of any allegation showing a recognition of the trust during that period.—2 S. & L. 71; 4 W. & S. 569; *Garrett v. Garrett,* 69 Ala. 429; *McArthur v. Carrie,* 32 Ala. 75, and authorities supra; *Sample v. Glenn,* 91 Ala. 245; *Woodstock v. Roberts,* 87 Ala. 436; *Goodwin v. Baldwin,* 59 Ala. 127; *McCarthy v. McCarthy,* 74 Ala. 546; *Phillippi v. Phillippi,* 115 U. S. 151; *Roach v. Cox,* 160 Ala. 425; *Black v. Pratt Co.,* 85 Ala. 505; *Jefferson v. Pettus,* 132 Ala. 671; *Matthews v. McDade,* 72 Ala. 377. In fact, laches may be imputed short of the prescriptive period.—*Salmon v. Winn,* 153 Ala. 538; *Rives v. Morris,* 108 Ala. 527; *Street v. Henry,* 124 Ala. 156. The effect of laches and staleness of demand must be overcome by explicit pleadings and proof of such matters as avoid the bar.—*Fowler v. Ala. I. & S. Co.,* 164 Ala. 414; *Ragland v. Morton,* 41 Ala. 344; 18 A. & E. Enc. of Law, 1135. The above rules apply to an express trust just as to any other matters of equitable cognizance.— *Girard v. Fritterer,* 84 Ala. 22. On the authorities supra this question may be raised by the demurrers to the bill, where the facts averred show staleness of demand or a bar, and no sufficient facts are alleged in avoidance thereof.

W. H. NORWOOD, for appellee. The parol trust may be established by parol testimony.—*Johnson v. Anderson,* 140 Ala. 342. As to when and how a parol, express and continuing trust may be created, see *Glennon v. Harris,* 149 Ala. 236; *Whetstone v. Whetstone,* 75 Ala. 495; *Hasty, et al. v. Aiken,* 67 Ala. 313. Neither the lapse of time nor the statute of limitation affects the questions raised by the bill, as there is a continuing trust with active duties.—*Whetstone v. Whetstone, supra; Glennon v. Harris, supra; Borem v. Bell,* 132 Ala. 85; *Cameron v. Cameron,* 95 Ala. 347; *Werborn v. Austin,* 82 Ala. 498; Ang. on Limitations, secs. 113, 115. The statute does not begin to run until an administrator has been appointed who can bring this suit.— *Lecroix v. Malone,* 157 Ala. 434; *Edwards v. Bender,* 121 Ala. 82; *Pickett v. Pope,* 64 Ala. 122; *Barker v. Barclift,* 76 Ala. 414; *Underhill v. Mobile I. Co.,* 67 Ala. 45; 18 Cyc. 915. The exception to the general rule is stated in *Teel v. Chancellor,* 117 Ala. 612, and the special statute provided by section 4854, Code 1907, applies only to cases, where the cause of action accrued to or against an estate in his lifetime. In the matter of laches courts of equity apply the rule according to their ideas of right and justice, every case being governed chiefly by its own circumstances.—*Haney v. Legg,* 129 Ala. 625; *Treadwell v. Torbett,* 123 Ala. 200; Perry on Trusts, 207; 12 A. & E. Enc. of Law, 533.

SIMPSON, J.—The bill in this case is filed by the appellee against the appellant, and this appeal is from the decree of the chancery court, overruling the demurrers to the bill.

The allegations of the bill are, in substance, that John A. Snodgrass died intestate April 4, 1880; that a final settlement of his estate was made by his administra-

tors February 9, 1889; that after the death of said John Snodgrass and of his widow, in 1880 and 1882, respectively, William E., John T., Ann C., and Nathaniel Snodgrass lived together on the old homestead of their father, said John Snodgrass; that William E., being the oldest of the family, at the request of the others took charge of the management and control of all the property belonging to said parties, receiving cotton, corn, horses, mules, lumber, choses in action, etc., the property of said estate, including also rents of the lands, for which he never accounted, and so continued until December 15, 1886, when he resigned said agency, and Nathaniel H. Snodgrass, at the request of the other parties, assumed the general agency and trusteeship for said John T. and Ann C. Snodgrass, and he and said John T. and Ann C. lived together in the family residence, owned by them as tenants in common, until July 25, 1904, when said Ann C. died, and after that said Nathaniel and John T. continued so to reside, until the death of said Nathaniel H., which occurred November 24, 1910; that said Nathaniel has never accounted for any of the rents or property received by him, but has used the same for his own personal benefit. Various sums are specially mentioned as having been collected by said Nathaniel during the years 1881 and 1882.

It is also alleged that soon after the death of said John Snodgrass said William E., John T., and Ann Snodgrass furnished money for the erection of a steam sawmill and gristmill on said lands, and said William E. and Nathaniel successively operated the same, using the proceeds individually and never accounting for the same.

The prayers of the bill are that said Eliza A. Snodgrass, as administratrix of the estate of Nathaniel H. Snodgrass, be required to account, that a reference

be had to ascertain the amounts received by said Nathaniel H. Snodgrass, the amount of personal property converted by him to his own use while acting as such agent, to charge him up with the rental value of the undivided interests during the time the lands were held by him, to credit him with proper payments, etc., and that a decree be rendered thereon, etc. In other words, this is a bill to require an accounting by the administrator of an agent or trustee, whose agency or trusteeship commenced in 1886, since which time no act is alleged in recognition of said agency or trusteeship.

As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, "the presumption rests not only on the want of

diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, 'and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.' "—*Harrison et al. v. Heflin, Adm'r, et al.,* 54 Ala. 552, 563, 564; *Greenlees' Adm'r v. Greenlees et al.,* 62 Ala. 330; *Nettles v. Nettles,* 67 Ala. 599, 602; *Garrett v. Garrett,* 69 Ala. 429, 430; *Semple v. Glenn,* 91 Ala. 245, 260, 6 South. 46, 9 South. 265, 24 Am. St. Rep. 929; *Roach v. Cox,* 160 Ala. 425, 427, 49 South. 578, 135 Am. St. Rep. 107.

This court has applied this principle, even where the period of 20 years has not elapsed, but from other circumstances, such as the death of parties, etc., it is deemed inequitable to open up the transactions.—*Rives v. Morris et al.,* 108 Ala. 527, 529, 18 South. 743 et seq.; *Salmon, Adm'r, v. Wynn, Adm'r,* 153 Ala. 538, 544, 45 South. 133, 15 Ann. Cas. 478 et seq.

These and others cases also hold that, where the facts appear upon the face of the bill, this defense may be presented by demurrer. The case of *Whetstone, Pro Ami, v. Whetstone's Ex'rs,* 75 Ala. 495, cited by counsel for appellee, is not contrary to the foregoing cases. In that case the bill alleged that during all of the time the executor "acted in open recognition of his agency, and continually paid her necessary expenses of living," and the court says that: ".It should be averred as a fact, and not left to implication, that Lewis M. Whetstone paid, and continued to pay, complainant's accruing annual expenses."—Pages 501, 502. The facts in the case of *Snodgrass v. Snodgrass, Infra,* 58 South. 199, differ-

entiate it from the present case so as to make the *Whetstone Case* applicable to it, but not to this case. The bill in this case was filed July 22, 1911, and it results that the chancellor erred in overruling the demurrers to the bill.

The decree of the court is reversed, and a decree will be here entered sustaining the causes of demurrer numbered 1, 2, 3, and 10, and remanding the cause.

Reversed, rendered and remanded.

DOWDELL, C. J., and ANDERSON, SAYRE, and SOMERVILLE, JJ., concur. MCCLELLAN and MAYFIELD, JJ., not sitting.