353 So.2d 508 (1977)
In re Eddie JONES, Jr.
v.
ALABAMA STATE BAR.
Ex parte Eddie Jones, Jr.
SC 2671.
Supreme Court of Alabama.
December 22, 1977.
*509 Houston L. Brown of Davis & Brown, Birmingham, for petitioner.
Eddie Jones, Jr., pro se.
William H. Morrow, Gen. Counsel, Alabama State Bar, Montgomery, for respondent.
FAULKNER, Justice.
Eddie Jones, Jr., petitioned this court for a writ of mandamus compelling his admission to the Alabama State Bar Association under the "diploma privilege" of Title 46, § 26, Code 1940.[1] Because he would have been admitted to the Bar under the "diploma privilege" if he had attended and graduated from the University of Alabama Law School instead of an out-of-state school, Jones asks us to hold that he should now be admitted to the practice of law in this state under the "diploma privilege." We deny the writ.
Jones, a resident of Alabama, graduated from law school at Howard University in Washington, D. C., in 1957. He alleges that since the State of Alabama provided no legal education for members of the black race in 1953, when he began law school, he was forced to attend an out-of-state school.[2] Jones has unsuccessfully taken the bar examination four times: February, 1958; July, 1958; February, 1959; and July, 1975. He also made applications to the Bar Commissioners to sit for the examination a fourth time in November, 1961, March, 1967, October, 1969, and June, 1972. Each application was denied. In October, 1972, he was a named plaintiff in an action in federal court, unsuccessfully seeking, inter alia, admission to the Bar under the "diploma privilege."[3]
The State Bar Association argues that Jones' requested relief is barred by the one-year statute of limitations of Tit. 7, § 26, Code of Alabama 1940. We disagree. This statute of limitations has no application here. We agree with a statement made in In re Evans, 42 Utah 282, 130 P. 217 (1913), wherein the court stated:
"The summary jurisdiction which the court has over its attorneys as officers of the court is also invoked. That jurisdiction is inherent, continuing, and plenary, and exists independently of statute or rules of equity, and ought to be assumed and exercised as the exigencies and necessity of the case require, not only to maintain and protect the integrity and dignity of the court, to secure obedience to its rules and process, and to rebuke interference with the conduct of its business, but also to control and protect its officers, including attorneys."
This court has the inherent power to govern admissions to the bar. Board of Com'rs of the Alabama State Bar v. State ex rel. Baxley, 295 Ala. 100, 324 So.2d 256 (1976). This power is not only inherent and plenary; it is continuing. While this court could, if it desired, set a limitation on when a person, otherwise qualified, must apply to be licensed to practice law in this state, there is no such rule now in existence.
We hold that Jones cannot be given the right to practice law because of the so-called "diploma privilege." While we appreciate the fact that Jones' decision not to apply to attend the University of Alabama Law School may have been influenced by the laws and customs in force during the *510 1950's, we cannot say that had he applied, his application would have been refused because of his race. Moreover, we cannot assume that he would have graduated had he been admitted to the University of Alabama Law School. Therefore, we cannot waive the requirements and grant him a license to practice law based on the "diploma privilege." (We point out that all out-of-state law school graduates have always been required to take and pass the Alabama Bar exam, before being granted a license to practice law in Alabama.)
This court, by order dated November 30, 1977, has provided that Jones can, if he so desires, take the bar exam again in February, 1978.
This court has under advisement an amendment to Rule IV(D) which would permit an applicant to take the bar examination a total of five times.
The writ is denied.
WRIT DENIED.
TORBERT, C. J., and BLOODWORTH, MADDOX, ALMON, EMBRY and BEATTY, JJ., concur.
JONES and SHORES, JJ., concur specially.
SHORES, Justice (concurring specially):
I agree with the majority that the petitioner should not be admitted to the Bar under the diploma privilege. I also agree that he may take the bar examination again by this court's order dated November 30, 1977. However, I think he is entitled to pursue one other avenue toward admission to the Bar.
Mr. Jones attended and successfully completed his legal education at an approved law school outside the State. He was graduated from that institution in 1957. At that time, such persons were admitted to practice law in this State either by passing the bar examination or by completing one year's work at the University of Alabama School of Law, then the only accredited law school in the State. Unless both of these alternatives are available to this petitioner, it cannot be said that he has had all of the alternatives available to others. Because this court has the inherent power to govern admissions to the Bar, I would allow this petitioner to be admitted to the Bar if he successfully completes one year's work at one of the accredited law schools in the State of Alabama.
JONES, J., concurs.
NOTES
[1] Tit. 46, § 26, was amended in 1961 so that the "diploma privilege" would ". . . apply only to graduates of the law department of the University of Alabama who, having been students there on or before August 31, 1961, graduate therefrom on or before August 31, 1965, and to no others." Tit. 46, § 26, Code 1940 (1973 Supp.).
[2] Jones did not apply for admission to the University of Alabama School of Law. Rather, he asserts that because of the social and political climate of the times, such application would have been futile.
[3] Parrish v. Board of Commissioners, 505 F.2d 12 (5th Cir. 1974), withdrawn 509 F.2d 540 (5th Cir. 1975), affirmed and remanded on rehearing, 524 F.2d 98 (5th Cir. 1975), reversed and remanded, 533 F.2d 942 (5th Cir. 1976). (All on other grounds).

We pretermit discussion of the res judicata effect of the federal decisions since we do not have the benefit of the record in that case.