Appellants ask this Court to create an exception to the 20-year rule of prescription. Established precedents compel us to uphold the trial court's ruling that the undisputed material facts do not fall within any recognized exception to the common law rule of repose. We affirm.
Appellee Dr. Gaines W. Keith commenced this action, seeking to quiet title to the mineral interests in eight parcels of real property situated in Walker County, Alabama. Dr. Keith claimed title to the mineral rights as grantee under a deed from Mae Boshell dated September 6, 1958. The action was brought in rem against the mineral estate and named as defendants, inter alia, United States Steel Corporation, a claimant with respect to parcels 1, 4, and 8, and the heirs and next of kin of M.J. and Mae Boshell, both deceased, claimants with respect to all eight parcels.
The Boshell heirs answered and counterclaimed, alleging that the 1958 deed from Mae Boshell to Dr. Keith was void, claiming a fee simple interest in the surface and mineral rights of all eight parcels, and requesting a declaration that "all other parties to this action be adjudged as having no estate, right, title, interest in said property or any part thereof and they be forever barred from asserting any estate, right, title or interest of any nature in or to said property adverse to the [Boshell heirs'] rights."
U.S. Steel, in its answer, claimed sole and absolute ownership of the mineral *Page 90 
rights in parcels 1, 4, and 8, pursuant to a deed dated October 1, 1902, from the Sheffield Coal, Iron Steel Company. U.S. Steel asserted no interest in the mineral or surface rights of the remaining parcels 2, 3, 5, 6, and 7.
The Boshell heirs moved to join Drummond Coal Company as plaintiff-intervenors, because Drummond was the lessee of certain of the disputed mineral interests from Dr. Keith. The motion for joinder was subsequently granted. The Boshell heirs also included in their answer a cross claim against U.S. Steel, claiming the mineral rights in parcels 1, 4, and 8 based upon the alleged invalidity of the 1902 deed.
Dr. Keith and Drummond filed motions to dismiss the Boshell heirs' counterclaim challenging the 1958 deed, based upon the statute of limitations and 20-year rule of repose or prescription. U.S. Steel also filed a motion to dismiss the cross-claim of the Boshell heirs, premised upon the statute of limitations, the 20-year rule of repose, and res judicata.
After a hearing on these motions to dismiss, the trial court found the following dates determinative of the prescription issue:
 1902 — Sheffield Coal, Iron Steel Company deed to U.S. Steel
 1956 — The heirs and next of kin of M.J. Boshell deed parcels 1-8 to Mae Boshell in fee simple
 1958 — Mae Boshell deeds parcels 1-8 to Dr. Gaines W. Keith
 1970 — (June 22) Mae Boshell dies, willing all property to Mary Hanson, one of the Boshell heirs
 1976 — (April 10) Keith leases mineral rights to Drummond Coal Company
 1980 — (February or March) Boshell heirs claim they first discovered that the 1958 deed to Dr. Keith was the result of fraud, forgery, conflict of interest, and incompetency.
1980 — (July 11) Dr. Keith files suit to quiet title
 1980 — (August 14) Boshell heirs counterclaim against Keith (and later Drummond) challenging the 1958 deed to Dr. Keith, and claim all eight parcels to the exclusion of all other parties in the suit, later treated by the court as a cross-claim against U.S. Steel challenging the 1902 deed from Sheffield Coal, Iron Steel Co.
Applying the rule of repose to these findings, the trial court dismissed the Boshell heirs' counterclaim against Dr. Keith and Drummond and their cross-claim against U.S. Steel. From this interlocutory order, an ARAP 5 appeal was perfected.
We affirm.
 SCOPE OF INTERLOCUTORY REVIEW
We note at the outset that the determination as to which party holds superior title to the mineral rights in parcels 1, 4, and 8, as between Dr. Keith, Drummond, and U.S. Steel, and to the other five parcels, as between Dr. Keith, Drummond, and the other originally named defendants, remains pending in the circuit court and is not an issue on this appeal. The only portion of the judgment certified as final for purposes of interlocutory appeal is the order of October 7, 1981, foreclosing the challenge of the Boshell heirs to the 1958 Keith deed and the 1902 U.S. Steel deed.
 FACTS
M.J. Boshell died intestate on September 21, 1956. The next year, on February 20, 1957, the heirs at law of M.J. Boshell deeded in fee simple all the putative interest of their father to their mother, Mae Boshell. On September 6, 1958, Mae Boshell deeded her right, title, and interest in the mineral estate to parcels 1 through 8 to Dr. Gaines W. Keith. This conveyance was witnessed and acknowledged by John D. Petree, Esq., now deceased. Subsequent to the transaction between Mae Boshell and Dr. Keith, Dr. Keith or his wife paid the yearly tax assessments on the mineral rights to the eight parcels. Mae Boshell and the Boshell heirs paid no taxes on the subject property (except for 20 acres not subject to these proceedings) after the 1958 conveyance. *Page 91 
Not until February of 1980 did any of the Boshell heirs (through their counterclaim) seek to assert a claim to the property in question. This was some 21 years and 6 months after the 1958 deed from Mae Boshell to Dr. Keith.
 SUMMARY OF APPELLANTS' ARGUMENT
In essence, the counterclaim of the Boshell heirs seeks to have the court set aside the deed from Mae Boshell to Dr. Gaines Keith (executed and recorded in 1958) or to set aside or reform the 1957 fee simple deed from the heirs of M.J. Boshell to Mae Boshell, their mother.
The Boshell heirs assert that, despite the lapse of more than 20 years from the deeds under attack, the Alabama rule of repose nevertheless does not bar their claim to the mineral interest in parcels 1 through 8. This supposition is premised upon four assertions: 1) that the rule of repose does not operate against a void deed (and that an allegedly forged deed is void); 2) that Dr. Keith must be in actual possession of the minerals before the 20-year period runs; 3) that Mae Boshell was "treacherously betrayed" by attorney John D. Petree in her conveyance to Dr. Keith; and 4) that the Boshell heirs were "justifiably ignorant" of their claim or cause of action until 1980, thereby tolling the 20-year period of repose until such actual discovery.
 20-YEAR RULE OF REPOSE
Since McArthur v. Carrie's Admr., 32 Ala. 75 (1858), this State has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose or prescription is similar to a statute of limitations, but not dependent upon one, and broader in scope. Scott v. Scott, 202 Ala. 244,80 So. 82 (1918); Patterson v. Weaver, 216 Ala. 686, 114 So. 301
(1927). It is a doctrine that operates in addition to laches. Unlike laches, however, the only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resuited or evidence obscured. Wilkerson v. Wilkerson,230 Ala. 567, 161 So. 820 (1935); 30A C.J.S., Equity § 113 (1965), at p. 33. It operates as an absolute bar to claims that are unasserted for 20 years. Roach v. Cox, 160 Ala. 425, 49 So. 578
(1909). The rationale for this absolute bar to such actions was set forth in Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201
(1912), as follows:
 "As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, `the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, "and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible."' — Harrison et al. *Page 92 v. Heflin, Adm'r, et al., 54 Ala. 552, 563, 564; Greenlees' Adm'r v. Greenlees et al., 62 Ala. 330; Nettles v. Nettles, 67 Ala. 599, 602; Garrett v. Garrett, 69 Ala. 429, 430; Semple v. Glenn, 91 Ala. 245, 260, 6 So. 46, 9 So. 265, 24 Am.St.Rep. 929; Roach v. Cox, 160 Ala. 425, 427, 49 So. 578, 135 Am.St.Rep. 107." (Emphasis supplied.) Snodgrass, at 176 Ala. 280, 281, 58 So. 201.
The rule of repose or prescription is a defensive matter similar to, but broader than, a statute of limitation.Wilkerson, supra; Patterson, supra; 30A C.J.S., Equity § 113, at p. 33. Thus, it is unlike adverse possession, which affirmatively establishes title. The rule of repose has been described as ". . . a rule of property in this state, [and] tends to the repose of society, and the quieting of litigation." Spencer v. Hurd, 201 Ala. 269, 270, 77 So. 683,684 (1918).
The only circumstance that will stay the running of the 20-year period of repose is a recognition of the existence of the claimant's right by the party defending against the claim.Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625 (1955); Hendleyv. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667
(1930); 30A C.J.S., Equity § 113, at p. 33, and n. 24. There is no allegation by the Boshell heirs that any such recognition of their alleged rights by Dr. Keith, Drummond Coal Company or U.S. Steel has occurred.
Despite Appellants' multifaceted presentation of issues for our consideration on this appeal, we fail to ascertain, from our analysis of the record below, anything indicative of error by the trial court in its application of the rule of repose or prescription to these proceedings by the Boshell heirs against Dr. Keith and Drummond Coal Company. Simply stated, Appellants' lack of celerity in this cause, despite their numerous assertions to the contrary, delivered for them the coup de grace.
Recently, in Lankford v. Sullivan, Long Hagerty,416 So.2d 996 (Ala. 1982), this Court struck down, as unconstitutional, a statutorily imposed 10-year rule of repose. Our holding today in no way conflicts with Lankford. The 20-year rule of repose applied here differs materially from the stricken 10-year rule (Code 1975, § 6-5-502 (c)). For example, the 20-year common law rule is couched in terms of the "running of the period againstclaims," "absolute bar to unasserted claims," "lack of diligence in asserting rights," "sleeping upon their rights,"
etc. The voided statute, on the other hand, sought to commence the running of the 10-year period from some arbitrary date unrelated in point of time to the accrual of a cause of action or the prior existence of a viable and cognizable claim. The fact that the common law rule is premised upon the pre-existing right to assert a claim is demonstrated in Duncan v. Johnson,338 So.2d 1243 (Ala. 1976), in which the Court refused to apply the 20-year bar against remaindermen.
 THE BOSHELL HEIRS' CLAIM AGAINST U.S. STEEL
The only reference by counsel for the Boshell heirs to U.S. Steel in their 96-page initial brief is a statement to the effect that this appeal arises from orders of the trial court dismissing the counterclaim by the Boshell heirs challenging the 1958 deed to Dr. Keith, and dismissing the cross-claim by the Boshell heirs challenging the 1902 deed to U.S. Steel.
Indeed, counsel for Appellants stated to this Court that, but for his inability to fully discover the records and files of Drummond Coal Company, regarding the alleged ownership and history of the subject 8 parcels, U.S. Steel would be dropped as a party to these proceedings.
The correctness vel non of the order below dismissing the cross-claim by the Boshell heirs against U.S. Steel is never raised as an issue for review in their initial brief to this Court. When an appellant fails to argue an issue in its brief, that issue is waived. In Merchants Bank v. Cotton, 289 Ala. 606,609, 269 So.2d 875 (1972), it was held that where an assignment of error ("issue presented for review," ARAP 20) is not argued in the brief of the appellant, the *Page 93 
issue will not be considered on appeal. See, also, Smith v.Jackson, 277 Ala. 257, 258, 169 So.2d 21 (1964).
The trial court's dismissal of the counterclaim and cross-claim by the Boshell heirs is due to be, and hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, SHORES and BEATTY, JJ., concur.