This is an appeal by plaintiff Roy McDurmont from the denial of his motion for new trial in an action seeking the sale of 80 acres of land for division of the proceeds. During the pendency of this appeal, the death of Roy McDurmont was suggested on the record, and notice was filed that the appeal would be continued in the name of *Page 551 
James McDurmont, as administrator of the estate of Roy McDurmont, deceased.
Plaintiff filed this action for sale for division on January 19, 1984, naming as defendants his sisters, Voncile M. Crenshaw, Maudrine M. Russell, Delores M. Moody, and the unknown heirs and next of kin of his deceased brother, Otis McDurmont. By his complaint, the plaintiff sought the sale of an 80-acre tract of land situated in Coffee County, Alabama, for a division of the proceeds, claiming an undivided one-fifth fee simple interest in the property. By their answer, defendants Voncile Crenshaw and Maudrine Russell denied plaintiff's title and demanded a trial by jury. On the authority of Freeney v. Stallworth, 344 So.2d 752 (Ala. 1977), the trial court denied plaintiff's motion to strike defendants' jury demand, and, in due course, the case proceeded to trial.
At trial, plaintiff testified that his father, G.B. McDurmont, "owned" the 80 acres at his death in 1929; however, at the time of his death, the Brundidge Banking Company held an unpaid mortgage on the property executed by McDurmont and his wife, Maudie McDurmont, as mortgagors. G.B. McDurmont died intestate, and there was never any administration or other proceedings concerning his estate.
On September 15, 1941, some 12 years after G.B. McDurmont's death, the Brundidge Banking Company foreclosed on its mortgage and bought the property at the foreclosure sale. Three months later, McDurmont's widow, Maudie, purchased the property from the Brundidge Banking Company and obtained a warranty deed in her name as sole owner. Plaintiff further testified that he was beyond the age of majority in 1941, when he claims to have given his mother the funds with which to buy back the property. He also contends that her purchase constituted a statutory redemption, although there is no indication on the face of the deed to Mrs. McDurmont that she was exercising any statutory right of redemption, or that she was in fact redeeming the property. The defendants maintain that Maudie McDurmont did not "redeem" the property when she purchased it.
In 1960, Maudie McDurmont, by warranty deed, conveyed the 80 acres to her daughters Voncile M. Crenshaw and Maudrine M. Russell. This deed was duly recorded and has been held by the two sisters since that date. Maudie McDurmont died in 1965.
At trial, plaintiff testified that he had farmed the property for the 30 years prior to 1984, paying one of his sisters, Voncile Crenshaw, $80 annual rent. He ceased farming the property in 1984, when he learned of the 1960 deed from his mother to his two sisters, and filed this lawsuit.
At the close of plaintiff's case, the defendants moved for a directed verdict, which was granted by the trial court. Plaintiff's motion for new trial was denied, and this appeal followed.
Our task is to examine the record to determine if there is a scintilla of evidence to support plaintiff's complaint. Rallsv. First Federal Savings Loan of Andalusia, 422 So.2d 764
(Ala. 1982). A directed verdict is proper only where there is a complete absence of proof on a material issue, or where there is no controverted question of fact on which reasonable persons could differ. Deaton, Inc. v. Burroughs, 456 So.2d 771 (Ala. 1984).
On appeal, plaintiff essentially claims that, prior to the foreclosure in 1941, the widow and children (heirs) of G.B. McDurmont were co-tenants in the property, which plaintiff contends they inherited from McDurmont when he died intestate. Relying on Braly v. Polhill, 231 Ala. 633, 166 So. 419 (1936), and the recent case of Dominex, Inc. v. Key, 456 So.2d 1047
(Ala. 1984), plaintiff asserts that a redemption by his mother inured to the benefit of all other co-tenants, who may rehabilitate their interests by contributing, within a reasonable time, their proportionate share of the purchase price.
Alternatively, the plaintiff contends that under Code of 1923, § 7365, he and his siblings inherited the real estate of his father *Page 552 
in equal parts, subject only to his mother's dower. Section 7365 provided, in part:
 "The real estate of persons dying intestate, as to such estate descends, subject to the payment of debts, charges against the estate, and the widow's dower, as follows:
 "(1) To the children of the intestate, or their descendants, in equal parts."
Plaintiff argues that, because dower is an estate for the life of the widow in a certain portion of her husband's realty, his mother's conveyance to his two sisters would have conveyed only a life estate in the property, which would have expired at their mother's death.
Notwithstanding plaintiff's arguments, we conclude that the trial court properly directed a verdict for the defendants because plaintiff's claim is barred, as a matter of law, by the 20-year rule of repose or prescription. The principle of prescription is a "strict rule of law in this State" based on a strict application of the 20-year period. Merrill v. Merrill,260 Ala. 408, 409, 71 So.2d 44, 45 (1954). In Boshell v. Keith,418 So.2d 89, 91-92 (Ala. 1982), this Court explained, at length, the 20-year rule of repose, and applied it:
 "Since McArthur v. Carrie's Admr., 32 Ala. 75
(1858), this State has followed a rule of repose, or rule of prescription, of 20 years. This principle of repose or prescription is similar to a statute of limitations, but not dependent upon one, and broader in scope. Scott v. Scott, 202 Ala. 244, 80 So. 82
(1918); Patterson v. Weaver, 216 Ala. 686, 114 So. 301 (1927). It is a doctrine that operates in addition to laches. Unlike laches, however, the only element of the rule of repose is time. It is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820 (1935); 30A C.J.S., Equity § 113 (1965), at p. 33. It operates as an absolute bar to claims that are unasserted for 20 years. Roach v. Cox, 160 Ala. 425, 49 So. 578 (1909). The rationale for this absolute bar to such actions was set forth in Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201 (1912), as follows:
 "`As a matter of public policy and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into. It is settled that, after a period of 20 years, without any payment, settlement, or other recognition of liability, mortgages and liens will be presumed to have been paid, settlements will be presumed to have been made by administrators, trustees, agents, and other persons occupying fiduciary positions. It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years after they might have demanded an accounting, and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to demand an accounting. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the trust, a complete bar; and, as said in an early case, "the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which it has been said have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, `and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.'" — Harrison, et al. v. Heflin, Adm'r, et al., 54 Ala. 552, 563, 564; *Page 553 Greenless' Adm'r v. Greenless, et al., 62 Ala. 330; Nettles v. Nettles, 67 Ala. 599, 602; Garrett v. Garrett, 69 Ala. 429, 430; Semple v. Glenn, 91 Ala. 245, [256], 6 So. 46, 9 So. 265, 24 Am.St.Rep. 929 [894]; Roach v. Cox, 160 Ala. 425, 427, 49 So. 578, 135 Am.St.Rep. 107; Snodgrass, at 176 Ala., 280, 281, 58 So. 201. [Emphasis added in Snodgrass.]
 "The rule of repose or prescription is a defensive matter similar to, but broader than, a statute of limitation. Wilkerson, supra; Patterson, supra; 30A C.J.S., Equity § 113, at p. 33. Thus, it is unlike adverse possession, which affirmatively establishes title. The rule of repose has been described as `. . . a rule of property in this state, [and] tends to the repose of society, and the quieting of litigation.' Spencer v. Hurd, 201 Ala. 269, 270, 77 So. 683, 684 (1918).
 "The only circumstance that will stay the running of the 20-year period of repose is a recognition of the existence of the claimant's right by the party defending against the claim. Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625 (1955); Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667 (1930); 30A C.J.S., Equity § 113, at p. 33, and n. 24. There is no allegation by the Boshell heirs that any such recognition of their alleged rights by Dr. Keith, Drummond Coal Company or U.S. Steel has occurred." (Emphasis added.)
In the present case, the plaintiff waited some 43 years after the alleged redemption by his mother, and some 25 years after she conveyed the property to two of plaintiff's sisters, to assert his claim to the property. Furthermore, at trialplaintiff adduced no evidence proving that his mother or the two sisters, Voncile and Maudrine, ever recognized that the plaintiff had any ownership interest in the subject 80 acres.
Nor can the plaintiff, by alleging that his mother had only a dower interest, and, therefore, only a life estate in the property, assume the position of a remainderman, and thereby benefit from this Court's refusal in Duncan v. Johnson,338 So.2d 1243 (Ala. 1976), to apply the 20-year bar against remaindermen. There was no evidence submitted to show that Mrs. McDurmont's dower was ever set aside. In Leddon v. Strickland,218 Ala. 436, 118 So. 651 (1928), where the decedent held thelegal title to the property in question, which, during his life, he did not occupy or use as his homestead, the Court held that the property passed to his heirs subject to the homestead and dower rights of his widow, when duly asserted. In that case, just as in the present, the evidence failed to show such due assertion of right by the widow within ten years of the death of the husband, and, therefore, such rights were barred under Code of 1923, § 7450.
Thus, by failing to assert a claim to the property for 43 years, i.e., from 1941 to 1984, after plaintiff knew his mother had obtained a deed in her own name, plaintiff is now barred by the rule of repose from asserting such a claim. Compare Finleyv. Bailey, 440 So.2d 1019 (Ala. 1983), where the plaintiffs advanced a cotenancy theory of ownership, relying on their claim to a constructive trust to suffice as their "contribution" toward the purchase of an outstanding interest in the subject property. Notwithstanding plaintiffs' argument in Finley that, because of the facts giving rise to a constructive trust, they were under no obligation to contribute toward the purchase of the outstanding interest, this Court held in Finley that "the principle of Gilb [v. O'Neill,225 Ala. 92, 142 So. 397 (1932)], holds that the cotenants must elect to avail themselves of the benefit [of the purchase of the outstanding interest] within a reasonable time." (Emphasis added.) 440 So.2d at 1022. In Finley, this Court went on to hold that equity and good conscience required the plaintiffs "to establish their claim to a constructive trust within a reasonable time, rather than thirty-five years later." Id. The same principle applies here.
Based on the foregoing, the judgment below is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur. *Page 554