ON APPLICATION FOR REHEARING
HOUSTON, Justice.
Norman Jackson Grubbs filed a petition for a writ of mandamus to the Alabama State Bar Association (“State Bar”) requiring the State Bar to show cause why it should not certify Grubbs as a member of the State Bar. The petition was denied by this Court without opinion, 542 So.2d 346, on November 14,1988, and Grubbs filed this application for rehearing.
Grubbs seeks the remedy of admission to the State Bar without the requirement of passing the Alabama State Bar Examination because he was allegedly denied his constitutional right of equal protection under the Fourteenth Amendment to the United States Constitution when, he says, he was denied the right to attend the University of Alabama School of Law (Alabama Law School) in 1949, because of his race or color. This proceeding was initiated 36 years after the alleged denial of Grubbs’s constitutional right. Grubbs seeks this remedy, because he would have been entitled to the “diploma privilege” of admission to the State Bar without having to pass the Bar Examination, if he had been admitted to the Alabama Law School and if he had successfully completed the course of study there prior to August 31, 1965 (the date of graduation of the last graduates afforded the “diploma privilege”).
Grubbs seeks to distinguish this case from Jones v. Alabama State Bar, 353 So.2d 508 (Ala.1977), on the ground that Grubbs sought admission to Alabama Law School; Jones alleged that he did not because of the futility of doing so in 1953. This Court in Jones wrote, “[W]e cannot say that had [Jones] applied, his application would have been refused because of his race.” 353 So.2d at 510. Perhaps the Court was caught in a historical time warp and had misplaced Act No. 894, Alabama Acts 1953, when it said this. We have to recognize that, ultimately, Grubbs’s application in 1949 and Jones's application in 1953 would have been refused because of race or color. Certainly, there may have been other reasons, constitutionally valid reasons, for Jones’s not having been admitted if he had applied for admission, or for Grubbs’s having been denied admission; however, in Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977), and ML Healthy City School Dist. Board of Ed. v. Doyle, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), which were decided the same year as Jones but released prior to Jones, the United States Supreme Court held that where it is shown that an unconstitutional motive is proved to have been a “substantial” or “motivating” reason for the deprivation of a benefit or right, the State can overcome that proof only by establishing by a preponderance of the evidence that the benefit or right would have been denied even absent the unconstitutional motive. The State Bar cannot meet this burden, for Alabama Law School has no records of Grubbs’s having applied to it for admission or of his having been denied admission for any reason. Alabama Law School does not keep such records for more than a third of a century. Currently, such records are kept for three years. There are no records to indicate how long these records were kept in 1949.
The State Bar argues the equitable doctrine of laches. “Laches” is defined as neglect to assert a right or a claim that, taken together with a lapse of time and other circumstances causing disadvantage or prejudice to the adverse party, operates as a bar. See Black’s Law Dictionary 787 *929 (5th ed.1979). Laches is an equitable doctrine designed to prevent unfairness to a defendant (the State Bar) due to a plaintiffs (Grubbs’s) delay in filing suit, in the absence of an appropriate statute of limitations. Equal Employment Opportunity Commission v. Dresser Industries, Inc., 668 F.2d 1199 (11th Cir.1982). It is based on the public policy discouraging stale demands and is not based upon mere lapse of time. It is principally a question of the inequity of permitting a claim to be enforced where some change in condition has taken place that would make the enforcement of the claim unjust. Davis v. Alabama Power Co., 383 F.Supp. 880 (N.D. Ala.1974), affirmed, 542 F.2d 650 (5th Cir.1976), affirmed, 431 U.S. 581, 97 S.Ct. 2002, 52 L.Ed.2d 595 (1977). It is designed to prevent unfairness caused by a party’s delay in asserting a claim or by his failure to do something that equity would have required him to do. Sims v. Lewis, 374 So.2d 298 (Ala.1979); United States v. Olin Corp., 606 F.Supp. 1301 (N.D.Ala.1985); Golightly v. Golightly, 474 So.2d 1150 (Ala.Civ.App.1985).
To establish the application of the doctrine of laches, the State Bar had to show that Grubbs delayed in asserting his right or claim, that his delay was unexcusa-ble, and that his delay caused the State Bar undue prejudice. Citibank, N.A. v. Citibanc Group, Inc., 724 F.2d 1540 (11th Cir. 1984); Equal Employment Opportunity Commission v. Dresser Industries, Inc., supra. Classic elements of undue prejudice, for purposes of determining the applicability of the doctrine of laches, include the unavailability of witnesses, changed personnel, and the loss of pertinent records. Equal Employment Opportunity Commission v. Dresser Industries, Inc., supra. To bring the doctrine of lach-es into operation, it is not necessary that the court should be convinced that the original claim was unjust or had been satisfied, but it is sufficient if the court believes that, under the circumstances, it is too late to ascertain the merits of the controversy. Meeks v. Meeks, 251 Ala. 435, 37 So.2d 914 (1948).
In the instant case, Grubbs filed an affidavit stating that he had applied for and was denied admission to the Alabama Law School in 1949 on the basis of his race. No records were presented to prove or disprove that Grubbs applied to Alabama Law School or to prove or disprove that, if he was denied admission, the denial was not based upon some other factor, such as the quality or the content of his undergraduate studies. Grubbs’s application for admission to the State Bar shows that in 1949 he had completed two years of pre-law study but was not a college graduate. In order to be admitted to the two-year undergraduate pre-law, four-year graduate law program at Alabama Law School in 1949, an applicant had to meet certain entrance requirements — a C+ average or better on all pre-law work undertaken, including 18 quarter (12 semester) hours of college English. University of Alabama Bulletin, School of Law 1949-50. However, with the passage of time, with the non-existence of any records from the college that Grubbs attended for two years,[1] and with the lack of records from the Alabama Law School concerning applicants in 1949, we find it impossible to make a meaningful determination as to whether there was some reason other than race for denying Grubbs admission.
For over 36 years, the United States Supreme Court has held that any student has a recognized right to attend the state university law school of his home state without regard to his race or color. Sweatt v. Painter, 339 U.S. 629, 70 S.Ct. 848, 94 L.Ed. 1114 (1950); Sipuel v. Board of Regents of the University of Oklahoma, 332 U.S. 631, 68 S.Ct. 299, 92 L.Ed. 247 (1948); Missouri ex rel. Gaines v. Canada, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208 (1938). Even though Grubbs attended law school outside this State and received financial assistance from the State of Alabama to do *930 so, this did not negate his right not to be deprived of an opportunity to attend his state law school because of his race or color.
Grubbs was graduated from the University of Detroit School of Law in 1953 and was admitted to the Michigan State Bar in 1954; he waited more than a third of a century to attempt to vindicate the denial of his constitutional right to enter the Alabama Law School.
The diploma privilege has not been available to any student entering the Alabama Law School since 1961 or graduating therefrom since 1965. Grubbs waited more than 20 years after the termination of the “diploma privilege” to ask this Court to provide that privilege as a remedy for the violation of his constitutional right.
We conclude that Grubbs’s delay in asserting his right or claim to be admitted under a privilege no longer available to any law school graduate is time barred by the equitable doctrine of laches.
In Alabama, there is, in addition to the doctrine of laches, a rule of repose or prescription by which an action not instituted for more than 20 years is absolutely barred. Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820 (1935); Roach v. Cox, 160 Ala. 425, 49 So. 578 (1909); McArthur v. Carrie’s Adm’r, 32 Ala. 75 (1858). This rule is similar to, but broader than, a statute of limitations, Wilkerson, supra; Patterson v. Weaver, 216 Ala. 686, 114 So. 301 (1927), and is not affected by it, Wilkerson, supra, nor dependent upon it, Boshell v. Keith, 418 So.2d 89 (Ala.1982). Its application is not affected by the circumstances of the situation, by whether prejudice has resulted, by whether evidence has become obscured, or by the status of the parties. Wilkerson, supra. The only element of the rule is time. Boshell, supra. Only a recognition by the defendant of the plaintiff’s subsisting and continuing right will stay the running of the prescriptive period. Eatman v. Goodson, 262 Ala. 242, 78 So.2d 625 (1954). There is no evidence of such a stay in Grubbs’s case. In McDurmont v. Crenshaw, 489 So.2d 550 (Ala.1986), this Court cited Snodgrass v. Snodgrass, 176 Ala. 276, 58 So. 201 (1912), for the rationale for this absolute bar to claims unasserted for 20 years:
‘““As a matter of public policy and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into.... It is necessary for the ■peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years after they might have [brought an action], and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, [to bring an action]. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of [the action], a complete bar....” ’ [Citations omitted.]
“ ‘... The rule of repose has been described as “... a rule of property in this state, [and] tends to the repose of society, and the quieting of litigation.” Spencer v. Hurd, 201 Ala. 269, 270, 77 So. 683, 684 (1918).’ ”
489 So.2d at 552-53. (Some emphasis added in Snodgrass; other emphasis added.)
“The right to practice law is a valuable property right, which can be denied only by due process of law.” Reese v. Board of Commissioners of the Alabama State Bar, 379 So.2d 564, 569 (Ala.1980). Grubbs alleges that his denial of admission to the Alabama Law School on the basis of his race deprived him of the right to be admitted to the State Bar and to practice law in the State of Alabama. In the instant case, the deprivation of Grubbs’s “property right” occurred more than a third of a century ago and he seeks a remedy more than 20 years after the repeal of the “diploma privilege.” By failing to assert a claim for over a third of a century (from 1949 to 1986) after Grubbs knew of the discrimina *931 tion, he is now absolutely barred by the rule of repose from asserting such a claim. “There must be a time beyond which human transactions will not be inquired into.” McDurmont v. Crenshaw, 489 So.2d at 552.
In Jones v. Alabama State Bar, supra, we held that this Court could, if it desired, set a time limit within which a person, otherwise qualified, must apply to be licensed to practice law in this State, but no rule had been set in December 1977, when Jones was released. We further held that this Court has continuing, inherent, and plenary power to govern admissions to the State Bar.
Black’s Law Dictionary 703 (5th ed. 1979) defines “inherent powers” as:
“An authority possessed without its being derived from another. A right, ability, or faculty of doing a thing, without receiving that right, ability, or faculty from another. Powers originating from the nature of government or sovereignty, i.e., powers over and beyond those explicitly granted in the Constitution or reasonably to be implied from express grants.”
Black’s Law Dictionary 1039 (5th ed. 1979), defines “plenary powers” as “[authority and power as broad as is required in a given case.”
We have the power to require the State Bar to admit Grubbs to the State Bar without Grubbs’s passing the Bar Examination. We decline to exercise that power, because Grubbs waited 36 years before he sought this as a remedy for the 1949 violation of his constitutional right to equal protection under the Fourteenth Amendment to the United States Constitution.
The United States Supreme Court in Owens v. Okure, — U.S. -, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989), held that, when a state has multiple statutes of limitations for personal injury actions, courts considering a 42 U.S.C. § 1983 action should borrow the state’s general or residual personal injury statute of limitations. Alabama has at least two personal injury statutes of limitations — six years “for any. trespass to person or liberty, such as false imprisonment or assault and battery,” Ala.Code 1975, § 6-2-34(1), and two years for “all actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section.” § 6-2-38(Z). (Emphasis added.)
In Alabama, the general or residual statute of limitations for personal injury is two years. Therefore, all actions for money damages or other remedies for the deprivation of a constitutional right in connection with admission to the State Bar must be commenced within two years from the deprivation of such right. The United States Supreme Court had not released Owens v. Okure, supra, and this Court had not set this time-bar prior to the commencement of this proceeding; therefore, we will not hold that Grubbs’s action is time-barred by this two-year statute of limitations, which shall, in cases of this kind, have prospective application only. Grubbs’s action is barred by laches and the rule of repose.
The application for rehearing is overruled.
APPLICATION OVERRULED.
MADDOX, ALMON, SHORES and STEAGALL, JJ., concur.
HORNSBY, C.J., and JONES, ADAMS and KENNEDY, JJ., concur in the result.

. The college that Grubbs attended is no longer in existence. There are no transcripts of the courses he took or of his grade point average.