I join Justice Houston's dissent. I dissent on the additional ground that the defendant-appellant's brief fails to demonstrate that the parties' transaction affected interstate commerce and therefore fails to demonstrate that the Federal Arbitration Act ("FAA") governs this case and preempts the § 8-1-41(3), Ala. Code 1975, prohibition against the specific enforcement of predispute arbitration agreements.
Specifically, the defendant-appellant's statement of facts, in violation of Rule 28(a)(7), Ala. R.App. P., does not include the facts the main opinion identifies as the basis of its holding that the transaction affected interstate commerce. The appellate courts will not reverse a trial court on *Page 295 
the basis of an argument not briefed in accordance with Rule 28.See Boshell v. Keith, 418 So.2d 89 (Ala. 1982), and Dawson v.Mitchell, 576 So.2d 672 (Ala.Civ.App. 1991).
The record does not show that the denial by the trial court of the defendant-appellant's motion to compel arbitration was not based on the absence of the requisite effect on interstate commerce. In other words, for aught that appears, the denialwas based on the absence of the requisite effect on interstate commerce. Such an absence constitutes an independently sufficient basis for the denial of the motion to compel, since, in the absence of such effect, the FAA does not preempt § 8-1-41(3), which prohibits the specific enforcement of the arbitration agreement if it were still to exist. The defendant-appellant's failure to fulfill the requirements of Rule 28 for briefing the argument that the trial court erred in this regard waives that argument, Tucker v. Cullman-Jefferson Counties Gas Dist.,864 So.2d 317 (Ala. 2003), and thereby defeats the appeal.