MOORE, Judge,
concurring in the result.
I concur in the result reached by the main opinion. I write specially to note *448 that, although the Americans with Disabilities Act (“the ADA”), 42 U.S.C. 12101 et seq., might not apply to a termination-of-parental-rights proceeding, if the Department of Human Resources (“DHR”) is required to make reasonable efforts to reunite the parent and the child, it should comply with the ADA in doing so. See, e.g., Lucy J. v. State Dep’t of Health & Social Servs., Office of Children’s Servs., 244 P.3d 1099, 1116 (Alaska 2010) (“[I]f [the Office of Children’s Services] ‘fails to take into account the parents’ limitations or disabilities and make any reasonable accommodations, then it cannot be found that reasonable efforts were made to reunite the family.’ ” (quoting In re Terry, 240 Mich.App. 14, 26, 610 N.W.2d 563, 570 (2000))). In the present case, however, S.G., the mother, has failed to explain how the Barbour County DHR did not comply with the ADA or how compliance with the ADA would have produced a different outcome in this case given her mental condition. Therefore, I agree that the judgment of the Barbour Juvenile Court must be affirmed. See, e.g., Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).