Irene Elizabeth Batchelder and William Copeland Tierce were married in November 1942. In February 1944, William left the United States for military service in Italy. William returned to the United States in December 1945 and learned that Irene was approximately six months pregnant. On February 2, 1946, William filed for a divorce on the ground of adultery. On February 4, 1946, Irene and William were divorced.
At the time of the divorce, Irene was pregnant with the defendant Dennis Ray. However, *Page 554 
that unborn child was not made a party to the divorce proceedings, he was not represented by a guardian ad litem during the divorce proceedings, and the issue of his paternity was not adjudicated. On April 4, 1946, Dennis Ray was born; his birth certificate listed William as the father.
William remarried; he and his second wife, Grace Clements Tierce, had five children, one of whom is the plaintiff, Sheila Ellis. William died in December 1972. Approximately 17 years later, in December 1989, William's father, John C. Tierce, died. The executors of the estate of John C. Tierce, deceased ("the estate"), filed a routine accounting of the estate and submitted a list of 10 heirs, which included the name of Dennis Ray as a son of William and as an heir to the estate. Forty-five years after Dennis Ray's birth and over 20 years after William's death, Sheila filed this declaratory action seeking to bastardize Dennis Ray — asking the court to determine that Dennis Ray was not the son of William and therefore was not entitled to a share of the estate.[1] The trial court found that Dennis Ray was not the biological son of William and therefore was not an heir to the estate. Dennis Ray appeals. We reverse and remand.
Sheila maintains that because William was out of the country when Dennis Ray was conceived, it was scientifically and physically impossible for William to have been the father of Dennis Ray. She also maintains that there was no evidence that William knew that he was listed as the father on Dennis Ray's birth certificate and that there was no evidence that there was ever any contact between William and Dennis Ray. Consequently, she contends that Dennis Ray could not be the son of William and therefore is not an heir of the estate.
Pursuant to Ala. Code 1975, § 26-17-5(a)(1), William was presumed to be Dennis Ray's father, because William had been married to Dennis Ray's mother and Dennis Ray was born "within 300 days after the marriage [was] terminated by . . . divorce." " 'Pater is est quem nuptiae demonstrant — the presumption that the husband of the mother of a child born [or conceived] during marriage is the father of that child — is often said to be one of the strongest presumptions known to the law.' " Exparte Presse, 554 So.2d 406, 413 (Ala. 1989); (quoting Note, 76 N.W.U.L.Rev. 669 (1981)); see, Leonard v. Leonard,360 So.2d 710 (Ala. 1978). A presumption of paternity under §26-17-5(a)(1) can be rebutted only by clear and convincing evidence or by a judgment establishing paternity of the child by another man. See Ala. Code 1975, § 26-17-5(b).
In this case, the judgment divorcing Irene and William did not adjudicate the issue of paternity so as to destroy the usual presumption that a child born or conceived during a marriage is the child of the mother's husband; nor is the divorce judgment binding on Dennis Ray, because he was not joined as a party or represented by a guardian ad litem during the divorce proceedings. See, Ex parte Martin, 565 So.2d 1
(Ala. 1989). Furthermore, William never attempted to adjudicate the paternity issue; and had William waited over 20 years to adjudicate this issue, he would have been barred by the rule of repose — the rule that bars actions that have not been commenced within 20 years from the time they could have been commenced. Boshell v. Keith, 418 So.2d 89 (Ala. 1982); see,McArthur v. Carrie's Adm'r, 32 Ala. 75 (1858). The rule of repose does not depend on evidence of prejudice, nor does it depend on any statute of limitations. Wilkerson v. Wilkerson,230 Ala. 567, 161 So. 820 (1935); Scott v. Scott, 202 Ala. 244,80 So. 82 (1918). Rather, "the only element of the rule of repose is time," and "[i]t operates as an absolute bar to claims that are unasserted for 20 years." Boshell, supra, at 91.
 "As a matter of public policy . . . it has long been the settled policy of this State . . . that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there *Page 555 must be a time beyond which human transactions will not be inquired into."
Snodgrass v. Snodgrass, 176 Ala. 276, 280, 58 So. 201, 201
(1912). See Ex parte Grubbs, 542 So.2d 927, 930-31 (Ala. 1989), in which the Court barred an equal protection claim of a black man who was discriminatorily denied admission to law school in 1949 because of his race: "By failing to assert a claim for over a third of a century (from 1949 to 1986) after Grubbs knew of the discrimination, he is now absolutely barred by the rule of repose from asserting such a claim."
Based on the foregoing, and under the particular facts of this case, we conclude that just as William would have been barred by the rule of repose from asserting the claim that he was not the father of Dennis Ray, so too is Sheila barred by the rule of repose from claiming that Dennis Ray is not the son of William and, therefore, is not an heir to the estate.
REVERSED AND REMANDED.
HORNSBY, C.J., and SHORES, ADAMS, and KENNEDY, JJ., concur.
MADDOX and INGRAM, JJ., dissent.
[1] We note that the issue of standing, although raised below, is not at issue on appeal. As Dennis Ray stated in his brief: "[Dennis Ray] chooses not to dispute the issue of whether Sheila would have standing to present the action in a representative capacity for her deceased father if the father could have brought the action but for his deaths." (Emphasis in original.)