Beaver Construction Company substantially completed construction of Wildwood Apartments in 1979. Nearly 15 years later, on March 17, 1994, a fire destroyed Wildwood Apartments. At that time, Dann Baugher and Myra Dasinger, tenants of Wildwood Apartments, suffered a loss of property as a result of the fire. On February 14, 1996, Baugher and Dasinger brought a suit to recover damages against Beaver Construction in the Bessemer Division of the Jefferson County Circuit Court. On March 9, 1998, the case was transferred to the Birmingham Division of the Jefferson County Circuit Court. On November 10, 1998, Beaver Construction moved for summary judgment, which the trial court granted on February 12, 1999.
Appealing the summary judgment, Baugher and Dasinger argue that the trial court erroneously grounded the summary judgment on the expiration of the period of limitations imposed by the construction statute of repose, §§ 6-5-220 to -228, Ala. Code 1975. Baugher and Dasinger argue that the statute's limitation for the commencement of a civil action against architects, engineers, and builders, which bars all causes of action that accrue more than 13 years after substantial completion of the improvements entailing their services, is unconstitutional.
We, however, hold § 6-5-220 et seq., Ala. Code 1975, to be constitutional. Moreover, we agree with the trial court in its holding that § 6-5-221(a) barred Baugher and Dasinger from suing Beaver Construction, which completed construction on Wildwood Apartments nearly 15 years before the cause of action accrued in this case. Accordingly, we affirm the summary judgment in favor of Beaver Construction.
Section 6-5-221(a), Ala. Code 1975, reads as follows:
 "All civil actions in tort, contract, or otherwise against any architect or engineer performing or furnishing the design, planning, specifications, testing, supervision, administration, or observation of any construction of any improvement on or to real property, or against builders who constructed, or performed or managed the construction of, an improvement on or to real property designed by and constructed under the supervision, administration, or observation of an architect or engineer, or designed by and contracted in accordance with the plans and specifications prepared by an architect or engineer, for the recovery of damages for:
 "(i) Any defect or deficiency in the design, planning, specifications, testing, supervision, administration, or observation of the construction of any such improvement, or any defect or deficiency in the construction of any such improvement; or
 "(ii) Damage to real or personal property caused by any such defect or deficiency; or
 "(iii) Injury to or wrongful death of a person caused by any such defect or deficiency;
 "shall be commenced within two years next after a cause of action accrues or arises, and not thereafter. Notwithstanding the foregoing, no relief can be granted on any cause of action which accrues or would have accrued more than thirteen years after the substantial completion of construction of the improvement on or to the real property, and any right of action which accrues or would have accrued more than thirteen years thereafter is barred, except where prior to the expiration of such thirteen-year period, the architect, engineer, *Page 934 
or builder had actual knowledge that such defect or deficiency exists and failed to disclose such defect or deficiency to the person with whom the architect, engineer, or builder contracted to perform such service."[1]
(Emphasis added.)
 Appropriate Standard of Review
Article I of the Alabama Constitution of 1901 is entitled "Declaration of Rights." Article I, Section 13, states:
 "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay."
Article I, Section 36, of the Alabama Constitution of 1901 further provides:
 "That this enumeration of certain rights shall not impair or deny others retained by the people; and, to guard against any encroachments on the rights herein retained, we declare that everything in this Declaration of Rights is excepted out of the general powers of government, and shall forever remain inviolate."
In reviewing a party's challenge to the constitutionality of a statute on a claim that the statute violates the party's right to a remedy guaranteed by § 13 of the Constitution, this Court has applied both the "vested rights approach" and the "common-law rights approach." See,e.g., Kruszewski v. Liberty Mut. Ins. Co., 653 So.2d 935 (Ala. 1995);Murdock v. Steel Processing Servs., Inc., 581 So.2d 846 (Ala. 1991); Reedv. Brunson, 527 So.2d 102 (Ala. 1988). We follow this same review process in this case.
 I. Vested Rights Approach
Because Baugher and Dasinger's property damages occurred after the effective date of the construction statute of repose, their causes of action had not yet accrued when the statute was enacted. Under the vested rights approach, § 6-5-221(a), Ala. Code 1975, does not violate § 13 because it does not deprive Baugher and Dasinger of a vested right in a cause of action. See Kruszewski and Reed, supra.
 II. Common-law Rights Approach
In Reed v. Brunson, 527 So.2d 102, 115 (Ala. 1988), the Court reasoned: *Page 935 
 "`Legislation which abolishes or alters a common-law cause of action, then, or its enforcement through legal process, is automatically suspect under § 13. It is not, however, automatically invalid. Grantham [v. Denke, 359 So.2d 785 (Ala. 1978),] itself restates the established rule that such legislation will survive constitutional scrutiny if one of two conditions is satisfied:
 "`1. The right is voluntarily relinquished by its possessor in exchange for equivalent benefits or protection, or
 "`2. The legislation eradicates or ameliorates a perceived social evil and is thus a valid exercise of the police power.'"
(Quoting Fireman's Fund Am. Ins. Co. v. Coleman, 394 So.2d 334, 352-54
(Ala. 1981).) (Emphasis added and emphasis omitted.) See also Lankfordv. Sullivan, Long Hagerty, 416 So.2d 996, 1000 (Ala. 1982).
The construction statute of repose found in § 6-5-220 et seq., Ala. Code 1975, does operate to abrogate certain common-law rights after the expiration of the 13-year period. This Court has previously identified common-law rights of action against architects, engineers, and builders. See, e.g., Watson, Watson, Rutland/Architects, Inc. v.Montgomery County Bd. of Educ., 559 So.2d 168, 174 (Ala. 1990) (holding that an architect could be held liable for failing to inspect reasonably); McFadden v. Ten-T Corp., 529 So.2d 192, 201 (Ala. 1988) (holding that a contractor, a builder, could be held liable for negligently widening and resurfacing a highway and that the contractor was not insulated from liability by the owner's acceptance of the contractor's work); Jackson v. Mannesman Demag Corp., 435 So.2d 725
(Ala. 1983) (allowing the plaintiff to pursue his claims, grounded in both negligence and the Alabama Extended Manufacturer's Liability Doctrine, against the engineers responsible for the installation of an electric arc furnace); Cochran v. Keeton, 287 Ala. 439, 252 So.2d 313
(1971) (holding that caveat emptor does not apply to a builder-vendor's
sale of a newly constructed house). While the legislation in question does operate to abolish certain common-law causes of action, nonetheless the legislation passes constitutional muster even judged by the common-law rights approach because the legislation "eradicates or ameliorates a perceived social evil and is thus a valid exercise of the police power." Reed, supra.
Reed explains:
 "Fireman's Fund poses the pertinent question: `Who is to determine if society at large receives a benefit by the deprivation of the common law remedy, the legislature or the courts?' See 394 So.2d at 352-53. All questions of `propriety, wisdom, necessity, utility, and expediency are held exclusively for the legislative bodies, and are matters with which the courts have no concern. This principle is embraced within the simple statement that the only question for the court to decide is one of power, not of expediency or wisdom.' Alabama State Federation of Labor v. McAdory, supra, 246 Ala. at 9-10, 18 So.2d at 815
[(1944)]."
527 So.2d at 116. However, "[i]n this regard, it is not enough for the legislature to merely characterize the problem as a `social evil' and then recite in the enacting clause that the legislation is directed to that evil. There must be a substantial relationship between the act and the eradication of the evil." Lankford, 416 So.2d at 1001.
In § 6-5-225, Ala. Code 1975, the Alabama Legislature expressed its findings and intent in enacting the statute: *Page 936 
 "It is the purpose and intent of the Legislature in connection with all actions against architects and engineers, who perform or furnish the design, planning, specifications, testing, supervision, administration, or observation of the construction of an improvement on or to real property, and builders who construct, perform, or manage the construction of an improvement on or to real property designed by and constructed under the supervision, administration or observation of, or in accordance with the plans and specifications prepared by, an architect or engineer, to limit the time for commencement of an action to a period of two years from the date a cause of action accrues and to bar all causes of action and rights of action which accrue more than thirteen years after substantial completion of such improvement. The Legislature finds that this classification distinguishing architects, engineers, and builders is rationally and reasonably related to the legislative regulatory scheme and is valid. . . .
 "This article bears a reasonable relationship to the proposed legislative objective of limiting the period of liability for architects and engineers and builders whose professional services or work on improvements to real property generally ends at the time of substantial completion of the improvement. While protecting architects and engineers from exposure to liabilities for injuries and damages occurring long after the completion of their professional architectural and engineering services and builders as defined from exposure to liabilities for injuries and damages occurring long after the completion of their work, this article imposes no unfair burden on the injured party for he or she is still afforded an avenue of legal action to seek redress from those who are more likely to have been responsible for or could have prevented such injury.
". . . .
 "It is the further legislative objective to provide for the abolishing of rights of action against architects and engineers and builders which would have accrued after the passage of thirteen years from the substantial completion of the construction of an improvement on or to real property, except rights of action for breach of express warranties, contracts, or indemnities which extend beyond thirteen years. Where causes of action accrue during the thirteen years from completion, an action may be brought within two years of accrual even though this extends beyond the thirteen-year period. This permits all injured parties a period of two years to file suit unless already barred because the cause of action accrues after the passage of thirteen years, which would in certain circumstances permit the filing of an action up to fifteen years after the completion of the improvement (or up to two years after the expiration of written express warranties, contracts, or indemnities).
 "The legislative objective of abolishing potential liabilities of architects and engineers and builders after the passage of a sufficient period of time from the completion of their work is rationally and reasonably related to the permissible state objective of removing responsibility from, and preventing suit against these regulated professions and builders which are least likely to be responsible or at fault for defects and deficiencies which cause injury long after their services or work is completed. The Legislature has deemed that, after a lapse of time of more than thirteen years without incident, the burden on the courts to adjudicate, the complexities of proof with the obstacle of faded memories, unavailable witnesses and lost evidence, *Page 937 and even where evidence is available, the opportunity for intervening factors such as acts or omissions of others in inadequate maintenance, improper use, intervening alterations, improvements and services, and other negligence, and such as changes in standards for design and construction and changes in building codes, and the burden on architects and engineers and builders, who have no control over the improvements after their services are completed, to disprove responsibility after acceptance and years of possession by other parties, all weigh more heavily in favor of repose or the abolishing of rights of action against architects and engineers and builders than allowing adjudication of the few, if any, meritorious claims which might have accrued thereafter. The Legislature finds that the burden of tenuous claims upon both the courts and architects and engineers and builders sufficiently vindicates the denial of a right of action after the passage of a period of thirteen years from the substantial completion of the construction of the improvement. (Acts 1994, No. 94-138, p. 183, § 6.)"
(Emphasis added.)
Buildings are unique in that typically they are intended to endure indefinitely if not permanently. Without this statute, architects, builders, and engineers would remain subject to liability until they die or, indeed, for some months after they have died. See 43-2-350(b), Ala. Code 1975. The construction statute of repose bears a substantial relationship to the eradication or amelioration of this potentially perpetual liability as well as the evils specifically found by the Legislature. Therefore, as a valid exercise of police power, as judged by the common-law rights approach, the statute comports with Article I, Section 13 of the Alabama Constitution of 1901.
Furthermore, in the present statute, the Legislature has remedied the defect that caused its precursor to be declared unconstitutional. SeeJackson, 435 So.2d at 729. In Jackson, the Court found that the statute did not provide for those plaintiffs whose causes of action accrued close to the expiration of the limitations period. In the present statute, the Legislature has added a "savings clause" to provide parties who are injured near the expiration of the thirteen-year period sufficient time to file their actions.
 III. Conclusion
For the above-stated reasons, we find § 6-5-220 et seq., Ala. Code 1975, to be constitutional under both the vested rights approach and the common-law rights approach. We therefore affirm the summary judgment in favor of Beaver Construction Company.
AFFIRMED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, LYONS, and ENGLAND, JJ., concur.
BROWN, J., concurs in the result.
[1] While we have already held that the Legislature has the inherent power to enact a statute of limitations establishing the period within which a claim must be brought, see Sellers v. Edwards, 265 So.2d 438
(Ala. 1972); Plant v. Reid, Inc., 313 So.2d 518 (Ala. 1975), the statute in this case is a statute of repose. Black's Law Dictionary defines "statute of repose":
 "A statute that bars a suit a fixed number of years after the defendant acts in some way (as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered any injury. Cf. Statute of Limitations.
 "`A statute of repose . . . limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.' 54 C.J.S. Limitations of Actions § 4, at 20-21 (1987)."
Black's Law Dictionary 1423 (7th ed. 1999).
Therefore, because the 13-year period begins to run upon the substantial completion of the improvements, rather than upon the injury to the plaintiff's person or property or upon the accrual of the plaintiff's cause of action otherwise, the statute is a statute of repose, rather than a simple statute of limitations.