38 So.3d 28 (2009)
Henry COLLINS, as administrator of the estate of April Collins, deceased
v.
SCENIC HOMES, INC., et al.
Kevin Kilgore
v.
Scenic Homes, Inc., et al.
Michael Hopkins et al.
v.
Scenic Homes, Inc., et al.
1070875, 1070975 and 1070976.
Supreme Court of Alabama.
June 30, 2009.
Order Overruling Rehearing November 25, 2009.
*30 J. Barton Warren and Derek W. Simpson of Warren & Simpson, P.C., Huntsville; and Everett Wess, Birmingham, for appellants.
Ivan B. Cooper and William H. Brooks of Lightfoot, Franklin & White, L.L.C., Birmingham; and Stephen V. Hammond of Chenault, Hammond & Hall, P.C., Decatur, for appellee Scenic Homes, Inc.
Daniel S. Wolter of Gaines, Wolter & Kinney, P.C., Birmingham, for appellees Jonathan Russell and Enterprise Apartments, LLC.
Michael L. Jackson and Oscar M. Price III of Wallace, Jordan, Ratliff & Brandt, L.L.C., Birmingham, amicus curiae Associate Builders and Contractors of Alabama, Inc., in support of Scenic Homes' application for rehearing.
Matthew C. McDonald and Kenneth S. Steely of Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Mobile, amici curiae Business Council of Alabama and Ductile Iron Pipe Research Association, in support of the appellee's application for rehearing.
STUART, Justice.
In three separate appeals that have been consolidated for the purpose of writing one opinion, Henry Collins, as administrator of the estate of April Collins, deceased, and Kevin Kilgore, Michael Hopkins, Emily Drane, Rashad Echols, Marketta Shelton, and Anthony James appeal from a summary judgment entered in favor of Scenic Homes, Inc., Jonathan Russell, and Enterprise Apartments, LLC. We reverse and remand.

Facts and Procedural History
In 1982, Scenic Homes began construction of Hunters Ridge, an apartment development. It is undisputed that Scenic Homes did not use a licensed architect to design the plan and to draft the building specifications. The development consisted of several phases, including Hunters Ridge 4022, a 12-unit, 2-story apartment building. Scenic Homes sold Hunters Ridge 4022 in the 1980s.
It appears that on August 12, 2004, Hunters Ridge 4022 was owned by Jonathan Russell and a limited liability company, *31 Enterprise Apartments, LLC, in which Russell was a principal (hereinafter referred to collectively as "Russell").[1] Kilgore, Hopkins, Drane, Echols, Shelton, James, and April Collins were residents of Hunters Ridge 4022. In the early morning hours of August 12, 2004, a fire started at the apartment complex. April Collins died and Kilgore, Hopkins, Drane, Echols, Shelton, and James were injured as a result of the fire. After an investigation, Henry Rice was arrested for setting the fire, and he ultimately pleaded guilty to arson with regard to the fire at Hunters Ridge 4022.
Kilgore, Hopkins, Drane, Echols, Shelton, James, and Henry Collins, as administrator of the estate of April Collins (hereinafter referred to collectively as "the residents"), sued Scenic Homes and Russell, alleging negligence and wantonness. Specifically, they alleged that their injuries were proximately caused by Scenic Homes' failure to construct, and Russell's failure to maintain, a reasonably safe apartment building with adequate fire-suppression safeguards and adequate escape routes.
After some discovery, Scenic Homes and Russell moved for a summary judgment, arguing that because Alabama does not impose on a person or an entity a duty to protect another from the unforeseeable criminal acts of a third person, they did not have a duty to protect those living in the apartment complex from injuries caused by Rice's criminal act. According to Scenic Homes and Russell, Rice's criminal act of arson relieved them of any liability. Scenic Homes also argued that the claims against it were barred by the 20-year common-law rule of repose.
The residents responded, arguing that a genuine issue of material fact existed as to whether Scenic Homes had breached its duty to construct and Russell had breached his duty to maintain a reasonably safe apartment building. Specifically, the residents argued that discovery indicated that with regard to fire safety Scenic Homes did not comply with the applicable building codes when it constructed Hunters Ridge 4022 and that Russell did not maintain the complex in a safe manner in accordance with various fire-safety standards. According to the residents, Hunters Ridge 4022 did not satisfy fire-safety standards because, the residents say, inadequate fire-retardant building materials were used in the construction of the apartment complex, the sprinkler system that had been installed was inadequate, and the windows in the units were too small to provide a viable exit route for persons living in the apartment complex. The residents urged that the unforeseen criminal act of Rice did not negate the duty owed the residents by Scenic Homes and Russell because their duty was to build and to maintain, respectively, an apartment building with adequate fire-suppression safeguards and with an adequate means of escape if a fire occurred.
The trial court entered a summary judgment for Scenic Homes and Russell, concluding that they did not have a duty to protect the residents from injuries caused by Rice's criminal act. Additionally, the trial court concluded that the residents' claims against Scenic Homes were barred by the rule of repose.

Standard of Review
"To grant a motion for a summary judgment, the trial court must determine that there is no genuine issue of *32 material fact and that the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. When the movant makes a prima facie showing that those two conditions are satisfied, the burden then shifts to the nonmovant to present `substantial evidence' creating a genuine issue of material fact. Ex parte CSX Transp., Inc., 938 So.2d 959, 961 (Ala.2006); see Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Evidence is `substantial' if it is of `such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); § 12-21-12(d), Ala.Code 1975.
"In our review of a summary judgment, we apply the same standard as does the trial court on factual issues. Ex parte Lumpkin, 702 So.2d 462, 465 (Ala.1997). However, we must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Ex parte CSX Transp., 938 So.2d at 962; Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990). The trial court's ruling on a question of law carries no presumption of correctness, and this Court reviews de novo the trial court's conclusion as to the appropriate legal standard to be applied. Ex parte Graham, 702 So.2d 1215, 1221 (Ala. 1997)."
Dunlap v. Regions Fin. Corp., 983 So.2d 374, 376-77 (Ala.2007).

Issues and Analyses
I. Whether a builder's and a landlord's duty to build and maintain an apartment building to provide fire suppression and fire-escape routes to tenants is dependent upon whether the fire was accidentally or intentionally caused.
The residents contend that the trial court erred in concluding, as a matter of law, that Rice's intervening criminal act relieved Scenic Homes and Russell of liability for April Collins's death and the injuries of the remaining residents. They maintain that the proximate cause of their injuries, including April Collins's death, was the failure of Scenic Homes to construct and Russell to maintain a reasonably safe apartment complex with adequate fire-suppression safeguards and fire-escape routes. Scenic Homes and Russell disagree. Focusing on the cause of the fire, they argue that the proximate cause of the residents' injuries was not the lack of fire-suppression safeguards or the lack of an adequate means of escape but the intervening criminal act of Rice, who set the fire.
"`[T]he existence of a duty is a question of law to be determined by the trial judge.' State Farm Fire & Cas. Co. v. Owen, 729 So.2d 834, 839 (Ala.1998). `It is the general rule in Alabama that absent special relationships or circumstances, a person has no duty to protect another from criminal acts of a third person.' Moye v. A.G. Gaston Motels, Inc., 499 So.2d 1368, 1370 (Ala.1986)."
New Addition Club, Inc. v. Vaughn, 903 So.2d 68, 73 (Ala.2004).
Scenic Homes and Russell cite this Court to numerous cases in which it has considered whether a premises owner is responsible for injury or damage to another on the premises caused by the intervening criminal act of third party. See Hail v. Regency Terrace Owners Ass'n, 782 So.2d 1271 (Ala.2000) (holding that a jury question existed as to whether the owners of a condominium association, in light of their knowledge of the probability of arson, breached their duty to take reasonable *33 precautions to protect against arson); New Addition Club, Inc. v. Vaughn, 903 So.2d at 73 (holding that the club owner did not have a duty to protect the invitee because it was not foreseeable that one patron would kill another patron); Carroll v. Shoney's, Inc., 775 So.2d 753 (Ala.2000)(holding that a restaurant did not have a duty to protect an employee from her husband because the evidence did not indicate that the restaurant knew or should have known the employee's husband would come to the restaurant and murder the employee); and Tenn Tom Bldg. v. Olen, Nicholas & Copeland, P.C., 908 So.2d 230 (Ala.2005)(holding that building owner had no duty to protect adjoining building from fire because the building owner did not know or have reason to know that a trespasser would intentionally set fire to building).
These cases, however, are distinguishable from the case now before us because under the facts in those cases the injured party alleged that the premises owner had a duty to prevent the intervening criminal act from occurring, i.e., that the alleged breach of duty by the premises owner occurred before the criminal act. The residents do not allege in this case that Scenic Homes and Russell breached this type of duty; therefore, the law in these cases is inapplicable to the facts before us.
Here, the residents allege that Scenic Homes had a duty to construct and Russell had a duty to operate a reasonably safe apartment building, equipped with appropriate exits and fire-suppression safeguards designed to reduce the risk of injury as a result of a fire, regardless of the origin of the fire. Their claims focus on a breach of duty by Scenic Homes and Russell to have constructed and to have operated a property so as to minimize the danger to the residents from fires that might occur. The question is whether the injuries allegedly caused by the inability to escape from the fire were the foreseeable result of the alleged failure of Scenic Homes to build and Russell to maintain a reasonably safe building with regard to fire safety. Indeed, it is a foreseeable risk that a fire at an apartment complex, however started, will cause harm to the inhabitants of the complex if the premises owner fails to provide adequate fire-suppression safeguards and an adequate means of escape from the fire. As the Florida District Court of Appeals recognized in Mozer v. Semenza, 177 So.2d 880, 883 (Fla.Dist.Ct. App.1965):
"The scope of defendant's duty to maintain reasonable safe premises does not include a duty to foresee a particular fire but it does include a duty to reasonably guard against the risk of fire.... It was reasonably foreseeable that there would ... be a likelihood of fire and it was the duty of the defendant to provide a reasonable safe place in anticipation of that danger."
Because the evidence before us indicates that a genuine issue of material fact exists as to whether Scenic Homes constructed and Russell maintained and operated a reasonably safe apartment building with regard to fire safety, the summary judgment for Scenic Homes and Russell is reversed.
II. Whether the trial court erred in holding that the common-law rule of repose barred the residents' action against Scenic Homes.
In Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala.2002), this Court discussed the rule of repose, stating:
"Since 1858, causes of action asserted in Alabama courts more than 20 years after they could have been asserted have been considered to have been extinguished by the rule of repose. See *34 Rector v. Better Houses, Inc., 820 So.2d 75, 77 n. 2 (Ala.2001) (`Since this Court decided McArthur v. Carrie's Administrator, 32 Ala. 75 (1858), Alabama has followed a rule of repose, or rule of prescription, of 20 years.'). The well-established rule recognizes the realities that surround the inverse relationship between the passage of time and the ability to fairly and justly resolve disputes:
"`As a matter of public policy, and for the repose of society, it has long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into.... It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have [brought an action], and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to [bring an action]. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the [claimant's right], a complete bar; and, as said in an early case, "the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, `and relieves courts from the necessity of adjudicating rights so obscure by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.'"'
"Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-02 (1912); see also Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534, 538 (1934) (`Failure of memory, loss of evidence, death of parties, the probability that the whole truth cannot be ascertained and justice done, enter into the equation as a reason for the rule [of repose].').
"....
"... [T]he `rule is couched in terms of the "running of the period against claims," "absolute bar to unasserted claims," "lack of diligence in asserting rights," "sleeping upon their rights," etc.' and is accordingly based upon `the pre-existing right to assert a claim.' Boshell [v. Keith], 418 So.2d [89,] at 92 [(Ala.1982)]. Therefore, the 20-year period begins to run against claims the first time those claims could have been asserted, regardless of the claimant's notice of a claim. See Moore [v. Liberty Nat'l Ins. Co.], 108 F.Supp.2d [1266] at 1275 [(N.D.Ala.2000)] (`Application of the rule of repose has only one elementthe passage of twenty years time from the moment that the actions giving rise to the claim occurredand, if that time has elapsed, no claim can be pursued.')."
825 So.2d at 763-64 (some emphasis original; some emphasis added)(footnotes omitted). Thus, as we stated in Tierce v. Ellis, 624 So.2d 553, 554 (Ala.1993), the rule of repose "bars actions that have not been commenced within 20 years from the time they could have been commenced." Alternatively, "[t]he rule of repose begins running on a claim as soon as all of the essential elements of that claim coexist so that the plaintiff could validly file suit." American Gen. Life & Accident Ins. Co. v. Underwood, 886 So.2d 807, 812 (Ala.2004).
*35 The residents contend that the 20-year common-law rule of repose does not bar their action against Scenic Homes because, they say, they did not have the right to sue until after the fire occurred. We agree.
"A party has a cause of action ... on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury.... That is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action `accrues,'... `"when, and only when, the damages are sustained."'"
Smith v. Medtronic, Inc., 607 So.2d 156, 159 (Ala.1992). See Spain v. Brown & Williamson Tobacco Corp., 872 So.2d 101, 117 (Ala.2003) (Johnstone, J., concurring in part, concurring specially in part, and dissenting in part); cf. Griffin v. Unocal Corp., 990 So.2d 291 (Ala.2008) (holding that a wrongful-death action accrues only when there is a manifest, present injury).
In this case, the residents did not have a viable and cognizable claim against Scenic Homes until the fire occurred and the residents suffered injuries as a result of the fire. Only then did the residents have a right to sue. Thus, because the 20-year common-law rule of repose is premised upon a preexisting right to assert a claim and because the residents did not have such a right until the fire occurred and they sustained injuries as a result of an alleged breach of duty by Scenic Homes and because the residents sued within 20 years of their injuries, the rule of repose is inapplicable to this case. Therefore, the trial court erred in entering a summary judgment for Scenic Homes based on the rule of repose.
Lastly, Jonathan Russell encourages this Court to hold that summary judgment for him in his individual capacity was proper because, he says, he did not own Hunters Ridge 4022 at the time of the fire. Although this issue was presented to the trial court, the trial court did not address it in its order. The evidence in the record submitted by the residents in opposition to Jonathan Russell's motion for a summary judgment indicates that a genuine issue of material fact exists as to whether Jonathan Russell owned Hunters Ridge 4022 at the time of the fire. Therefore, summary judgment for Jonathan Russell on this ground is not proper.
Because of our resolution of the foregoing issues, we pretermit discussion of other issues presented by the parties.

Conclusion
The judgment of the trial court is reversed, and this case is remanded for proceedings consistent with this opinion.
1070875 REVERSED AND REMANDED.
1070975 REVERSED AND REMANDED.
1070976 REVERSED AND REMANDED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK and SHAW, JJ., concur in part and dissent in part.
MURDOCK, Justice (concurring in part and dissenting in part).
I concur in the analysis of issue I addressed in the "Issues and Analysis" portion of the main opinion. Respectfully, however, I cannot at this time agree with the analysis in the main opinion as to issue II.
*36 Issue II is whether the 20-year rule of repose begins to run upon the occurrence of the wrongful act or omission of the defendant or upon the accrual of a cause of action against the defendant. I find our decisions on this issue conflicted and confusing.
To take just one example, in Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala.2002), we find, on the one hand, the declaration that the period of repose "begins to run against claims the first time those claims could have been asserted," 825 So.2d at 764, and the declaration that the rule of repose is "based upon `the pre-existing right to assert a claim,'" id. (some emphasis added; quoting Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982)). On the other hand, we find in the same case the declaration that "the rule is based solely upon the passage of time," 825 So.2d at 764 (quoting Boshell, 418 So.2d at 91, for the proposition that "`the only element of the rule of repose is time'"), and the citation with approval of Moore v. Liberty National Insurance Co., 108 F.Supp.2d 1266, 1275 (N.D.Ala.2000), for the principle that "`[a]pplication of the rule of repose has only one elementthe passage of twenty years time from the moment that the actions giving rise to the claim occurred....'" 825 So.2d at 765 (emphasis added).
After quoting Boshell for the proposition that the only element of the rule of repose is the passage of time, the Court in Ex parte Liberty National appears to confirm explicitly that the running of the rule of repose is not dependent upon concepts associated with the accrual of causes of action:
"`[The rule of repose] is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured[,]' [Boshell, 418 So.2d at 91] ... and [the rule] is not based upon concepts of accrual, notice, or discovery concepts that are applicable to statutes of limitation. See Baugher v. Beaver Constr. Co., 791 So.2d 932, 934 n. 1 (Ala.2000) (noting that because the limitations period set forth in Ala.Code § 6-5-221(a) applicable to certain actions brought against architects, contractors, and engineersbegins to run `upon the substantial completion of the improvements, rather than upon the injury to the plaintiff's person or property or upon the accrual of the plaintiff's cause of action otherwise,' the statute is a statute of repose rather than a simple statute of limitations.)."
825 So.2d at 764 (emphasis omitted; emphasis added).
The main opinion quotes at length the explanation provided in Ex parte Liberty National of the policy reasons for the rule of repose. 38 So.3d at 33-34 (quoting Ex parte Liberty National Life Insurance Co., 825 So.2d at 763, quoting in turn Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-02 (1912)). These policy reasons appear to be compelling. It also appears, however, that these policy reasons were intended to address, and that they in fact support, a period of repose that begins to run from the time of the defendant's wrongful act or omission.
Consistent with these policy concerns, general American jurisprudence draws a distinction between statutes of limitation and statutes of repose and recognizes that the latter run from the defendant's wrongful act or omission, not from the accrual of a cause of action:
"A statute of repose ... limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of *37 limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted."
54 C.J.S. Limitations of Actions § 4 (1987).
"A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.
"While a statute of limitations bars a cause of action if not brought within a certain time period, a statute of repose prevents a cause of action from arising after a certain period.... The bar of a statute of repose is absolute, whereas the bar of a statute of limitations is conditional."
54 C.J.S. Limitations of Actions § 4 (1987) (footnotes omitted). See also Black's Law Dictionary 1451 (8th ed.2004), defining a statute of repose as "[a] statute barring any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury"; Daniel J. LaFave, Remedying the Confusion Between Statutes of Limitations and Statutes of Repose in Wisconsin, 88 Marq. L.Rev. 927, 928 (2005); Mark W. Peacock, An Equitable Approach to Products Liability Statutes of Repose, 14 N. Ill. U.L.Rev. 223, 223 (1993).
Finally, I see no meaningful or justifiable field of operation for a 20-year rule of repose if it is to begin to run when a claim accrues, because the applicable statute of limitations, which of course also begins to run at the time of the accrual of the claim, inevitably will impose a shorter period for the filing of the claim.
In my view, to borrow a phrase from Justice Harwood's dissenting opinion in Cline v. Ashland, Inc., 970 So.2d 755, 772 (Ala.2007), "the law is confounded." A tracing of how our precedents came to be in this state and an attempt to parse through the various twists and turns by which we have arrived at this point in the hope of unraveling and straightening the same would go beyond the discussion contained in the excellent briefs that have been filed in this case and is a task reserved for another day.
SHAW, J., concurs.

On Applications for Rehearing
STUART, Justice.
APPLICATIONS OVERRULED; NO OPINION.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
MURDOCK and SHAW, JJ., dissent.
SHAW, Justice (dissenting).
On original submission, I concurred in Justice Murdock's special writing concurring in part and dissenting in part. Collins v. Scenic Homes, Inc., [Ms. 1070875, June 30, 2009] 38 So.3d 28, 35 (Ala.2009) (Murdock, J., concurring in part and dissenting in part). By doing so, I specifically disagreed with the analysis in the main opinion as to issue II in the "Issues and *38 Analysis" portion of that opinion, which addressed the application of the 20-year common-law rule of repose. It remains difficult for me to reconcile the conflicted and confusing language in many of our cases dealing with the rule of repose. However, I am clear to the conclusion that there is a fundamental difference recognized in American jurisprudence between a statute of limitations and a statute or rule of repose. Therefore, I once again assert my agreement with the concerns expressed in Justice Murdock's special writing. Accordingly, I respectfully dissent from the overruling of the applications for rehearing.
NOTES
[1] This statement should not be construed as holding that Jonathan Russell owned, as a matter of law, Hunters Ridge 4022 at the time of the event that formed the basis of the underlying action.