MURDOCK, Justice
(concurring in part and dissenting in part).
I concur in the analysis of issue I addressed in the “Issues and Analysis” portion of the main opinion. Respectfully, however, I cannot at this time agree with the analysis in the main opinion as to issue II.
*36 Issue II is whether the 20-year rule of repose begins to run upon the occurrence of the wrongful act or omission of the defendant or upon the accrual of a cause of action against the defendant. I find our decisions on this issue conflicted and confusing.
To take just one example, in Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala.2002), we find, on the one hand, the declaration that the period of repose “begins to run against claims the first time those claims could have been asserted,” 825 So.2d at 764, and the declaration that the rule of repose is “based upon ‘the pre-existing right to assert a claim,’” id. (some emphasis added; quoting Boshell v. Keith, 418 So.2d 89, 92 (Ala. 1982)). On the other hand, we find in the same ease the declaration that “the rule is based solely upon the passage of time,” 825 So.2d at 764 (quoting Boshell, 418 So.2d at 91, for the proposition that “ ‘the only element of the rule of repose is time’ ”), and the citation with approval of Moore v. Liberty National Insurance Co., 108 F.Supp.2d 1266, 1275 (N.D.Ala.2000), for the principle that “ ‘Application of the rule of repose has only one element — the passage of twenty years time from the moment that the actions giving rise to the claim occurred ....’” 825 So.2d at 765 (emphasis added).
After quoting Boshell for the proposition that the only element of the rule of repose is the passage of time, the Court in Ex parte Liberty National appears to confirm explicitly that the running of the rule of repose is not dependent upon concepts associated with the accrual of causes of action:
“ ‘[The rule of repose] is not affected by the circumstances of the situation, by personal disabilities, or by whether prejudice has resulted or evidence obscured[,]’ [Boshell, 418 So.2d at 91] ... and [the rule] is not based upon concepts of accrual, notice, or discovery— concepts that are applicable to statutes of limitation. See Baugher v. Beaver Constr. Co., 791 So.2d 932, 934 n. 1 (Ala.2000) (noting that because the limitations period set forth in Ala.Code § 6-5-221 (a) — applicable to certain actions brought against architects, contractors, and engineers — begins to run ‘upon the substantial completion of the improvements, rather than upon the injury to the plaintiffs person or property or upon the accrual of the plaintiff’s cause of action otherwise,’ the statute is a statute of repose rather than a simple statute of limitations.).”
825 So.2d at 764 (emphasis omitted; emphasis added).
The main opinion quotes at length the explanation provided in Ex parte Liberty National of the policy reasons for the rule of repose. 38 So.3d at 33-34 (quoting Ex parte Liberty National Life Insurance Co., 825 So.2d at 763, quoting in turn Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-02 (1912)). These policy reasons appear to be compelling. It also appears, however, that these policy reasons were intended to address, and that they in fact support, a period of repose that begins to run from the time of the defendant’s wrongful act or omission.
Consistent with these policy concerns, general American jurisprudence draws a distinction between statutes of limitation and statutes of repose and recognizes that the latter run from the defendant’s wrongful act or omission, not from the accrual of a cause of action:
“A statute of repose ... limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of *37 limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.”
54 C.J.S. Limitations of Actions § 4 (1987).
“A statute of limitations normally governs the time within which legal proceedings must be commenced after the cause of action accrues. A statute of repose, however, limits the time within which an action may be brought and is not related to the accrual of any cause of action; the injury need not have occurred, much less have been discovered. Unlike an ordinary statute of limitations which begins running upon accrual of the claim, the period contained in a statute of repose begins when a specific event occurs, regardless of whether a cause of action has accrued or whether any injury has resulted.
“While a statute of limitations bars a cause of action if not brought within a certain time period, a statute of repose prevents a cause of action from arising after a certain period.... The bar of a statute of repose is absolute, whereas the bar of a statute of limitations is conditional.”
54 C.J.S. Limitations of Actions § 4 (1987) (footnotes omitted). See also Black’s Law Dictionary 1451 (8th ed.2004), defining a statute of repose as “[a] statute barring any suit that is brought after a specified time since the defendant acted (such as by designing or manufacturing a product), even if this period ends before the plaintiff has suffered a resulting injury”; Daniel J. LaFave, Remedying the Confusion Between Statutes of Limitations and Statutes of Repose in Wisconsin, 88 Marq. L.Rev. 927, 928 (2005); Mark W. Peacock, An Equitable Approach to Products Liability Statutes of Repose, 14 N. Ill. U.L.Rev. 223, 223 (1993).
Finally, I see no meaningful or justifiable field of operation for a 20-year rule of repose if it is to begin to run when a claim accrues, because the applicable statute of limitations, which of course also begins to run at the time of the accrual of the claim, inevitably will impose a shorter period for the filing of the claim.
In my view, to borrow a phrase from Justice Harwood’s dissenting opinion in Cline v. Ashland, Inc., 970 So.2d 755, 772 (Ala.2007), “the law is confounded.” A tracing of how our precedents came to be in this state and an attempt to parse through the various twists and turns by which we have arrived at this point in the hope of unraveling and straightening the same would go beyond the discussion contained in the excellent briefs that have been filed in this case and is a task reserved for another day.
SHAW, J., concurs.