PER CURIAM.
In six separate appeals that have been consolidated for the purpose of writing one opinion, this Court granted Owens-Illinois, Inc. (“O-I”), a defendant in the underlying actions involving asbestos exposure, permission to appeal the trial court’s denial of its motions for a summary judgment on the claims of John W. Wells; Harold Mitchell, personal representative of the estate of Reba Mae Mitchell, deceased; James Newman; Floyd Patterson; Roger Hugh Young and Dinah Young Tate, coex-ecutors of the estate of Pauline Young, deceased; and Rosalyn Diane Davis and Marilyn Joanne Woods, personal representatives of the estate of Ruby Williams, deceased (hereinafter referred to collectively as “the plaintiffs”). See Rule 5, Ala. R.App. P. We affirm.

Facts and Procedural History

Between August 5, 2005, and July 24, 2006, in six separate actions, the plaintiffs sued O-I and various other defendants. The plaintiffs alleged that O-I produced and/or installed products containing asbestos and that O-I was liable for certain injuries or deaths that were allegedly caused by exposure to those products. Specifically, the plaintiffs alleged that O-I produced and/or installed block insulation and pipe covering under the trade name “Kaylo” that contained asbestos. It is undisputed that O-I sold its entire Kaylo thermal-insulation-products business to Owens-Corning Fiberglas Corporation in 1958 and that O-I did not produce or install Kaylo asbestos-containing products after April 30, 1958. It is also undisputed that O-I, which asserts as a defense Alabama’s 20-year common-law rule of repose, has not presented evidence indicating that the manifest, present injury allegedly suffered by the plaintiffs occurred more than 20 years before the filing of the amended complaint naming O-I as a defendant.[1]
In April 2007, O-I moved for a summary judgment in each of the six cases, arguing that the plaintiffs’ claims are barred by Alabama’s 20-year common-law rule of repose. The trial court denied O-I’s motion for a summary judgment in each of the six cases. However, the trial court, pursuant to Rule 5, Ala. R.App. P., certified that the interlocutory orders denying the summary-judgment motions involve a controlling question of law as to which there is substantial ground for difference of opinion, that an immediate appeal from its orders would materially advance the ultimate termination of the litigation, and that the appeal would avoid protracted and expensive litigation. The trial court’s certification in each case stated, in part:
“Specifically, the Court held as follows based upon controlling law:
“As there is currently no affirmative evidence before the Court that the Plaintiff suffered a manifest, present *415 injury such that all of the essential elements of his claim co-existed more than twenty years before the filing of the Amended Complaint naming O-I as a party defendant, O-I’s Motion for Summary Judgment on the Grounds of the Rule of Repose is DENIED.
“See September 20, 2007 Order. This Court reached this conclusion based upon its interpretation of Alabama law; however, there appears to be a substantial ground for difference of opinion concerning the application of the twenty (20) year common law Rule of Repose given prior cases such as Ex parte Liberty Nat’l Life Ins. Co., 825 So.2d 758 (Ala.2002), and American General Life & Accident Insurance Co. v. Underwood, 886 So.2d 807 (Ala.2004), and in this Court’s opinion it would be beneficial for an interlocutory appeal to be granted and there be a review of this issue by the Alabama Supreme Court.”
We granted O-I’s petition for permission to appeal in all six cases, and we now affirm the trial court’s orders denying the motions for a summary judgment in all six cases.

Standard of Review

“Because this case involves only issues of law and no material disputed facts, our review is de novo.” Affinity Hosp., L.L.C. v. Williford, 21 So.3d 712, 714 (Ala.2009) (citing Padgett v. Conecuh County Comm’n, 901 So.2d 678, 685 (Ala.2004)).

Discussion

On appeal, the only issue before this Court is whether the 20-year common-law rule of repose begins to run on a claim at the time of the defendant’s actions giving rise to the claim or when all the essential elements of that claim, including injury, coexist so that the plaintiff could validly file an action. After the appeals in these cases were taken, this Court addressed that very issue in Collins v. Scenic Homes, Inc., 38 So.3d 28 (Ala.2009).
In Collins, residents of an apartment building constructed in the 1980s sued the designer of the building and the apparent owner of the building, alleging negligence and wantonness. Specifically, the residents alleged that injuries they received when the building was set on fire by an arsonist in 2004 were proximately caused by the designer’s failure to construct, and the owner’s failure to maintain, a reasonably safe apartment building with adequate fire-suppression safeguards and adequate escape routes. The designer moved for a summary judgment, arguing, among other things, that the claims against it were barred by the 20-year common-law rule of repose. The trial court agreed with the designer and entered a summary judgment in favor of it. On appeal, this Court reversed the trial court’s judgment. We fully examined the common-law rule of repose and held as follows:
“In Ex parte Liberty National Life Insurance Co., 825 So.2d 758 (Ala.2002), this Court discussed the rule of repose, stating:
“ ‘Since 1858, causes of action asserted in Alabama courts more than 20 years after they could have been asserted have been considered to have been extinguished by the rule of repose. See Rector v. Better Houses, Inc., 820 So.2d 75, 77 n. 2 (Ala.2001) (“Since this Court decided McArthur v. Carrie’s Administrator, 32 Ala. 75 (1858), Alabama has followed a rule of repose, or rule of prescription, of 20 years.”). The well-established rule recognizes the realities that surround the inverse relationship between the passage of time and the ability to fairly and justly resolve disputes:
“ ‘ “As a matter of public policy, and for the repose of society, it has *416 long been the settled policy of this state, as of others, that antiquated demands will not be considered by the courts, and that, without regard to any statute of limitations, there must be a time beyond which human transactions will not be inquired into.... It is necessary for the peace and security of society that there should be an end of litigation, and it is inequitable to allow those who have slept upon their rights for a period of 20 years, after they might have [brought an action], and after, as is generally the case, the memory of transactions has faded and parties and witnesses passed away, to [bring an action]. The consensus of opinion in the present day is that such presumption is conclusive, and the period of 20 years, without some distinct act in recognition of the [claimant’s right], a complete bar; and, as said in an early case, ‘the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, “and reheves courts from the necessity of adjudicating rights so obscure by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.” ’ ”
“‘Snodgrass v. Snodgrass, 176 Ala. 276, 280-81, 58 So. 201, 201-02 (1912); see also Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534, 538 (1934) (“Failure of memory, loss of evidence, death of parties, the probability that the whole truth cannot be ascertained and justice done, enter into the equation as a reason for the rule [of repose].”).
[[Image here]]
“1... [T]he “rule is couched in terms of the ‘running of the period against claims, ’ ‘absolute bar to unas-serted claims,’ ‘lack of diligence in asserting rights, ’ ‘sleeping upon their rights, ’ etc. ” and is accordingly based upon “the pre-existing right to assert a claim.” Boshell [v. Keith], 418 So.2d [89,] at 92 [ (Ala.1982) ]. Therefore, the 20-year period begins to run against claims the first time those claims could have been asserted, regardless of the claimant’s notice of a claim. See Moore [v. Liberty Nat’l Ins. Co.], 108 F.Supp.2d [1266] at 1275 [ (N.D.Ala.2000) ] (“Application of the rule of repose has only one element— the passage of twenty years time from the moment that the actions giving rise to the claim occurred — and, if that time has elapsed, no claim can be pursued.”).’
“825 So.2d at 763-64 (some emphasis original; some emphasis added) (footnotes omitted). Thus, as we stated in Tierce v. Ellis, 624 So.2d 553, 554 (Ala.1993), the rule of repose ‘bars actions that have not been commenced within 20 years from the time they could have been commenced.’ Alternatively, ‘[t]he rule of repose begins running on a claim as soon as all of the essential elements of that claim coexist so that the plaintiff could validly file suit.’ American Gen. Life & Accident Ins. Co., 886 So.2d 807, 812 (Ala.2004).
“The residents contend that the 20-year common-law rule of repose does not bar their action against [the designer] because, they say, they did not have the right to sue until after the fire occurred. We agree.
*417 “ ‘A party has a cause of action ... on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury.... That is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiffs injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action “accrues,” ... “ ‘when, and only when, the damages are sustained.’ ” ’
“Smith v. Medtronic, Inc., 607 So.2d 156, 159 (Ala.1992). See Spain v. Brown & Williamson Tobacco Corp., 872 So.2d 101, 117 (Ala.2003) (Johnstone, J., concurring in part, concurring specially in part, and dissenting in part); cf. Griffin v. Unocal Corp., 990 So.2d 291 (Ala.2008) (holding that a wrongful-death action accrues only when there is a manifest, present injury).
“In this case, the residents did not have a viable and cognizable claim against [the designer] until the fire occurred and the residents suffered injuries as a result of the fire. Only then did the residents have a right to sue. Thus, because the 20-year common-law rule of repose is premised upon a preexisting right to assert a claim and because the residents did not have such a right until the fire occurred and they sustained injuries as a result of an alleged breach of duty by [the designer] and because the residents sued within 20 years of their injuries, the rule of repose is inapplicable to this case. Therefore, the trial court erred in entering a summary judgment for [the designer] based on the rule of repose.”
Collins, 38 So.3d at 33-35.
In the present case, O-I argues that “the twenty (20) year Rule of Repose runs from the point in time of the defendant’s actions giving rise to the claim.” O-I’s brief, at 16. However, this Court directly rejected that argument in Collins. Alabama’s 20-year common-law rule of repose does not begin to run on a claim until all the essential elements of that claim, including an injury, coexist so that the plaintiff could validly file an action. The rule of repose does not depend solely on the actions of the defendant. The trial court correctly held that in order for a summary judgment to be entered in O-I’s favor based on the rule of repose under these facts, O-I was required to present evidence showing that the plaintiff suffered a manifest, present injury more than 20 years before the filing of the complaint naming O-I as a defendant so that all the essential elements of the claim coexisted at that time. This it has not done. Therefore, the trial court properly denied O-I’s motions for a summary judgment.

Conclusion

Based on the foregoing, the trial court’s denial of O-I’s summary-judgment motions in all six actions is affirmed.
1070213 — AFFIRMED.
1070214 — AFFIRMED.
1070215 — AFFIRMED.
1070216 — AFFIRMED.
1070217 — AFFIRMED.
1070218 — AFFIRMED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, and PARKER, JJ., concur.
STUART, J., concurs in the result.
MURDOCK and SHAW, JJ., dissent.

. See Griffin v. Unocal Corp., 990 So.2d 291, 293 (Ala.2008) (holding that in toxic-substance-exposure cases, "a cause of action accrues only when there has occurred a manifest, present injury”).