MOORE, Judge,
dissenting.
Because I conclude that the main opinion fails to address the claims the parties agreed were to be considered by the trial court and because I believe the trial court erred in entering a summary judgment against Joel Gunn and Donna Gunn and in favor of KFC U.S. Properties, Inc.; KFC Corporation; Yum! Brands, Inc.; and Frank Schilleci (hereinafter referred to collectively as “the KFC defendants”), I respectfully dissent.
The main opinion correctly notes that, in their motion for a summary judgment, the KFC defendants asserted:
“(1) that KFC U.S. Properties, Inc., one of the named defendants, is the only proper defendant in this case; (2) that the alleged emotional distress suffered by Joel was trivial and that the Gunns had not provided sufficient evidence to sustain a negligence claim; and (8) that, with respect to the purported negligence claim, [the KFC defendants are] entitled to a summary judgment on the ground that the tooth in the piece of chicken did not cause any physical injury to Joel and that Joel was never in a ‘zone of danger.’ ”
85 So.3d at 455 (citing AALAR, Ltd., Inc. v. Francis, 716 So.2d 1141 (Ala.1998)). The Gunns filed a brief in opposition to the KFC defendants’ summary-judgment motion; in that brief, the Gunns responded only to the arguments presented by the KFC defendants; i.e., they asserted that their complaint stated genuine issues of material fact as to their negligence claim and that Joel had been within the “zone of danger” sufficient to recover damages for negligent infliction of emotional distress.
The main opinion concludes that the summary judgment should not be reversed because the Gunns did not allege a negligence claim in their complaint. 85 So.3d at 457. The Gunns specifically alleged that the KFC defendants had sold them food in an unmerchantable condition because it contained a foreign substance. Under Alabama law, a restaurant owes a duty to its customers to exercise reasonable care in the preparation and packaging of food, “i.e., ... a duty to sell [the customer] merchantable food or food that was not unreasonably dangerous.” Flagstar Enters., Inc. v. Davis, 709 So.2d 1132, 1139 (Ala.1997). The assertion that the KFC defendants sold “unmerchantable” food could be construed as encompassing a negligence claim.
More importantly, after completing discovery, the KFC defendants did, in fact, understand that the Gunns were asserting a negligence claim. “Under [Rule 8, Ala. R. Civ. P.,] the prime purpose of pleadings is to give notice.” Rule 8, Ala. R. Civ. P., Committee Comments on 1973 Adoption. Under notice pleading, if a defendant, upon reviewing the wording of a complaint, deciphers it to incorporate a claim of negligence, which the plaintiff intended, then the complaint sufficiently states a negligence claim regardless of the exact terminology used. By responding to the summary-judgment motion as they did, the Gunns acknowledged their agreement with the KFC defendants’ premise that they had alleged a negligence claim. Thus, the complaint cannot now be construed differently on appeal.[1]
*459 In the summary-judgment motion, the KFC defendants asserted only that the Gunns’ negligence claim failed because Joel had not suffered a physical injury and because he was not sufficiently within the “zone of danger” to sustain damages for negligent infliction of emotional distress. However, the evidence, when viewed in a light most favorable to the Gunns, see Flagstar, 709 So.2d at 1184, proves otherwise. The record shows that the Gunns had purchased and partially consumed a batch of chicken from the KFC defendants. Joel packed the remainder for consumption the next day at lunch. As he was about to eat, he noticed what appeared to be a human tooth in one of the pieces of chicken. Joel did not actually bite into that piece before becoming physically ill and emotionally upset.
I conclude that the facts of this case are sufficiently similar to those of Flagstar Enterprises, Inc. v. Davis, supra, to survive the KFC defendants’ summary-judgment motion. In Flagstar, supra, the plaintiff ordered a biscuit and gravy from a Hardee’s restaurant; Hardee’s served the biscuit and gravy in a lidded styrofoam container. Id. at 1135. While distracted, the plaintiff began eating the biscuit and gravy without opening the container fully. Id. After taking a few bites, she opened the lidded container fully and saw blood on the top of the container. Id. at 1135-36. The plaintiff, who became distraught at eating contaminated food, was subsequently tested for hepatitis and other infectious diseases; her tests were negative. Id. at 1136.
The plaintiff sued Flagstar, the owner of Hardee’s, seeking damages under theories of negligence and under the Alabama Extended Manufacturer’s Liability Doctrine (“AEMLD”). Id. at 1133-34. The trial court submitted the plaintiffs claims to the jury, and the jury awarded the plaintiff damages. Id. at 1133-34. Flagstar moved for a judgment as a matter of law on the plaintiffs negligence claim, asserting that the plaintiff had failed to present evidence indicating that it had breached a duty owed to the plaintiff in preparing and serving her food. The trial court denied that motion, and Flagstar appealed. Id. at 1139-40.
Our supreme court affirmed, recognizing that, from the evidence presented, the jury reasonably could have concluded that Flagstar had breached its duty by serving contaminated food and that the plaintiff had suffered emotional distress as a result. Id. at 1140. Addressing the issue of negligent infliction of emotional distress, the court recognized that
“[djamages for emotional distress may be awarded in a negligence case, even in the absence of physical injury. Taylor v. Baptist Medical Center, Inc., 400 So.2d 369 (Ala.1981). See also, Reserve National Ins. Co. v. Crowell, 614 So.2d 1005, 1011 (Ala.1993), cert. denied, 510 U.S. 824, 114 S.Ct. 84, 126 L.Ed.2d 52 (1993), wherein this Court recognized the difference between a claim alleging negligent infliction of emotional distress and a claim not based on infliction of emotional distress, but pursuant to which damages for emotional distress may nonetheless be awarded.”
Flagstar, 709 So.2d at 1141 n. 5. See also AALAR, 716 So.2d at 1147 (discussing Flagstar, supra, and recognizing that it was reasonably foreseeable that the plaintiff in Flagstar would be placed at risk of physical injury as a result of Flagstar’s serving her contaminated food and, thus, *460 that she had been within the “zone of danger” and was entitled to recover for emotional distress on her negligence claim).
The similarities between Flagstar, supra, and the instant case are compelling. The Gunns allege that the KFC defendants served contaminated chicken for Joel’s consumption, that Joel ate a portion of the chicken served to him, that, upon observing the contamination in the chicken, he became upset and vomited, and that he required medical treatment to deal with his symptoms. As recognized in AALAR, supra, Joel was within the zone of danger created by the KFC defendants’ purported service of contaminated food.
For the above-stated reasons, I would reverse the summary judgment entered in favor of the KFC defendants and remand the cause for further proceedings. I, therefore, respectfully dissent.
THOMAS, J., concurs.

. To the extent that the complaint could be construed as alleging breach-of-warranty and breach-of-contract claims, the Gunns do not assert that the trial court committed any error in entering the summary judgment on those claims; therefore, those claims are considered waived. Boshell v. Keith, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its [initial] brief, that issue is waived.”). The Gunns do belatedly assert in their reply brief that the trial court erred in entering a summary judgment on any claim *459 based on the Alabama Extended Manufacturer's Liability Doctrine, but we cannot consider that argument. See McGough v. G & A, Inc., 999 So.2d 898, 905 n. 3 (Ala.Civ.App.2007) (''Ordinarily, we do not consider issues raised for the first time in a reply brief.”).