**LEE & HOWARD, LLC**

v.

**Marilyn E. WOOD, Revenue Commissioner of Mobile County.**

**2140946.**

Court of Civil Appeals of Alabama.

April 8, 2016.

Kenneth P. Murray of Howard–Festa, L.L.P., Mobile, for appellant.

Missty C. Gray of Adams & Reese, LLP, Mobile, for appellee.

DONALDSON, Judge.

Lee & Howard, LLC, appeals from a judgment of the Mobile Probate Court ("the probate court") ·denying its petition for a refund of an amount paid as part of the redemption of real property located in Mobile ("the property"). Because Lee & Howard fails to demonstrate that the amount it has requested to be refunded was not due as part of the redemption of the property, we affirm the judgment.

*Facts and Procedural History*

The material facts of this case are undisputed. The probate court stated the following findings of fact in its judgment:

·"In March 2004 John V. Lee ('Lee') and Stewart L. Howard ('Howard'), two lawyers in Mobile, organized the Petitioner [i.e., Lee & Howard, LLC,] by filing Articles of Organization with the Court. Lee was initially designated as the registered agent for the Petitioner.

"Thereafter, the Petitioner purchased [the property] that has a street address of 411 St. Francis Street, Mobile, Alabama[ ]. The [property] was assessed in the Petitioner's name. The address for the Petitioner furnished to the Revenue Commissioner was 'Post Office Box 2533, Mobile, Alabama 36652'. At all material times hereto, this post office box was registered to Lee.

"On May 6, 2010 Lee and Howard entered into an agreement whereby Howard purchased Lee's interest in the Petitioner. Contemporaneously, 'Amended Articles· of Organization of Lee and Howard LLC' were filed with the Court and the Alabama Secretary of State. The Amended Articles stated that the location and street address of the registered office of Lee and Howard, LLC was 411 St. Francis Street, Mobile, AL 36602 and that Howard was the registered agent for the Petitioner. Neither Petitioner, nor Howard, notified the Revenue Commissioner directly of this change of the registered address for the Petitioner.

"On February 28, 2011 and March 17, 2011 Stephanie Ree signed United States Postal Service receipts relating to notices by the Revenue Commissioner to the Petitioner advising that the ad valorem taxes relating to the [property] were past due and ·owing for the fiscal year ending 2010. These notices were addressed to 'Lee and Howard, LLC, Post Office Box 2533, Mobile, AL 36652'.

"On March 7 and 14, 2011, the Revenue Commissioner published a list in the *Press Register*, a newspaper of general

circulation in Mobile County, Alabama, of delinquent taxpayers for the fiscal year ending 2010, together with the real estate upon which said taxes were due and the total amount owed. Petitioner was listed in both notices. On April 25, May 2 and May 7, 2011 the Revenue Commissioner published notice in the *Press Register* of the Revenue Commissioner's intent to sell the [property] for the ad valorem taxes and costs due to Mobile County for the fiscal year ending 2010 on May 26, 2011. Unfortunately, Howard did not see or read any of these publications, where public notice was given by the Revenue Commissioner of the status of the ad valorem taxes owed by Lee and Howard, LLC.

"On or about April 3, 2014, Petitioner received a letter from Gary W. Lee, attorney for Tower Capital, LLC ('Tower Capital') stating that Tower Capital had purchased the [property] at the May 26, 2011 tax sale. The total taxes due on the [property] at the time of the tax sale were $4,614.21. Tower Capital bid $49,000.00 for the [property], which result[ed] in an 'over bid' of $44,385.79.

"On or about April 24, 2014, the Petitioner presented a Notice of Claim to the Mobile County Commission. The Petitioner has not received a response to said claim.

"On or about April 29, 2014, Petitioner tendered $36,251.15 to the Revenue Commissioner to redeem the [property]. The Revenue Commissioner's 'Certificate of Land Redemption' reflects that the Petitioner's redemption payment included $19,214.57 of interest. The Petitioner asserts that the interest payment applicable to Tower Capital's over bid was approximately $15,610.53."

On February 19, 2015, Lee & Howard filed a petition in the probate court alleging that it was never properly served notice of the tax sale for the property. Lee & Howard sought a judgment declaring that the tax sale was void and sought a refund only of the amount of interest attributable to Tower Capital's overbid in the tax sale, but not a refund of any taxes paid. Marilyn E. Wood, Revenue Commissioner of Mobile County ("the revenue commissioner"), filed an answer denying that the statutory requirements for the tax sale were not followed and denying that Lee & Howard was entitled to a refund.

After conducting a hearing, the probate court entered a judgment on July 23, 2015, denying Lee & Howard's petition. In the judgment, the probate court stated that it lacked the jurisdiction to declare the tax sale void and that it could determine only whether Lee & Howard was entitled to a refund. The probate court concluded, among other things, that Lee & Howard had failed to demonstrate that it had paid an erroneous amount of taxes to redeem the property. The probate court also concluded that proper notifications of the tax sale had been provided and that the revenue commissioner did not have a duty to verify the mailing address for Lee & Howard. Lee & Howard filed a timely notice of appeal to this court.

*Discussion*

The conditions entitling a taxpayer to a refund of property taxes are provided in § 40–10–160, Ala.Code 1975, which states:

"Any taxpayer who through any mistake, or by reason of any double assessment, or by any error in the assessment or collection of taxes, or other error, has paid taxes that were not due upon the property of such taxpayer shall be entitled, upon making proof of such payment to the satisfaction of the Comptroller, to have such taxes refunded to him if application shall be made therefor, as hereinafter provided, within two years from the date of such payment."

Lee & Howard contends that the alleged failure to provide proper notice of the tax

sale of the property constitutes an error in the collection of taxes for which it is due a refund in the amount of the interest attributable to Tower Capital's overbid in the tax sale. "Because this appeal presents questions of law that are based on largely undisputed facts, our review is de novo." *Dunn v. Sequa Corp.*, 74 So.3d 459, 462 (Ala.Civ.App.2011); see *Ex parte Soleyn*, 33 So.3d 584, 587 (Ala.2009) ("[I]t is well established that where the issues involve only the application of law to undisputed facts appellate review is de novo.").

Pursuant to § 40–10–160, a petitioner for a refund must show more than that a mistake or error occurred regarding the payment of taxes on a property. Another necessary condition for a refund contained in the statute is that the petitioner must have "paid taxes that were not due upon the property."

Lee & Howard paid the interest amount attributable to Tower Capital's overbid in the tax sale in order to redeem the property pursuant to § 40–10–122, Ala.Code 1975, which states, in relevant part:

"(a) In order to obtain the redemption of land from tax sales where the same has been sold to one other than the state, the party desiring to make such redemption shall deposit with the judge of probate of the county in which the land is situated the amount of money for which the lands were sold, with interest payable at the rate of 12 percent per annum from date of sale, and, on the portion of any excess bid that is less than or equal to 15 percent of the market value as established by the assessing official, together with the amount of all taxes which have been paid by the purchaser, which fact shall be ascertained by consulting the records in the office of the tax collector, or other tax collecting official, with interest on the payment at 12 percent per annum."

Accordingly, the redemption amount for the property was based on the purchase price of the property at the tax sale of the property. A "decree of sale" arising from a tax sale has the same "effect of judgments in other cases in courts of record." § 40–10–11, Ala.Code 1975. Even though Lee & Howard alleges deficient notification of the tax sale, Lee & Howard does not challenge the probate court's finding that it lacked jurisdiction to determine the validity of the tax sale, and, in its reply brief on appeal, it states that it no longer seeks to have the tax sale declared to be void. As a result, Lee & Howard has waived any arguments as to the validity of the tax sale of the property. See *Boshell v. Keith*, 418 So.2d 89, 92 (Ala.1982) ("When an appellant fails to argue an issue in its brief, that issue is waived."). Because the tax sale of the property is deemed to be valid, the redemption amount for the property was properly based on the purchase price of the property at the tax sale. Lee & Howard fails to demonstrate that it paid an amount of taxes that was not due on the property, a necessary condition for a refund pursuant to § 40–10–160. Regardless of any arguments advanced concerning the notice of the tax sale of the property, we have found no authority that entitles Lee & Howard to a refund, pursuant to § 40–10–160, of the redemption amount related to the interest that was based on the overbid amount paid at a valid tax sale. Therefore, the judgment is due to be affirmed.

AFFIRMED.

THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.

MOORE, J., recuses himself.